## No. 1977.—J. W. ZACHARIE v. R. SPROULE & Co.

In a case where the United States military authorities took possession of leased property in the city of New Orleans, during the late war, it was held that the lessee was, from that date, absolved from all obligations to the lessor, on account of the lease; that, in a suit to enforce payment of the rent for the unexpired lease, by the lessor, if the lessee showed a termination of the lease by the military authorities, he was discharged; that, in a case of this kind, the lessor could not invoke the maxim, *contra non valentem*, etc., to defeat the plea of prescription, even if this maxim could be applied in any case.

APPEAL from the Fifth District Court of New Orleans. *Leaumont, J. John Claiborne,* for plaintiff and appellant. *W. B. Koontz,* for defendant and appellee.

TALIAFERRO, J. On the fifteenth of May, 1858, the plaintiff and defendants entered into a contract of lease, whereby the latter leased certain store houses, in the city of New Orleans, for the term of five years, to commence on the first of November, 1858, and to end on the thirty-first of October, 1863. The lessees were to pay $4000 annually, in quarterly installments of $1000 each, for the payment of which they were to give notes on the first day of November of each year.

In the month of April, 1863, the lessees vacated the premises, with the consent and under the direction of the United States military authorities, then in military occupancy of the city.

It appears that the lessees paid to the military authorities, under a special military order, the rent from the first of November, 1862, to April, 1863, when they vacated the premises. It also appears that they had paid the rent which accrued prior to November, 1862, to the plaintiff, or his agent.

The plaintiff brings suit for the last year's rent—that is, for 1863—except the first quarter's rent, which he abandons.

The defense is, the seizure of the property leased, by the United

States military authorities, and the prescription of three years.

There was judgment in favor of defendants, and the plaintiff appeals.

It is shown that, by the contract of lease, the last quarter's rent fell due on the first of November, 1863, and that the citation in this suit was served on the second of April, 1867. Notes were not given for the rents due in 1863.

The plaintiff invokes the maxim, *contra non valentem agere non currit prescriptio*. The plea will not avail him that the defendant was an absentee. It appears that Robert Sproule left New Orleans in April, 1863; that he was then owner of real estate here, and that he left an agent to represent him; that he returned in 1864, and in 1865, and again in 1866, and has resided here ever since. The plaintiff, although absent himself, had, during this time, duly authorized attorneys in fact in New Orleans.

The plaintiff returned in July, 1865, and the defendant in August, 1866. Prescription had not been acquired at that time, as to all the plaintiff's claim. Even if the rule, *contra non valentem*, were admissible, the plaintiff would have no right to invoke it

We think the decision of the lower court correct.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs in both courts