MOSS, APPELLANT, *v.* THE STANDARD DRUG CO. ET AL.; THE TONI CO., APPELLEES.

(No. 22443—Decided May 12, 1952.)

*Messrs. Harrison, Spangenburg & Hull,* for appellant.

*Mr. John R. Kistner,* for appellees.

THOMPSON, J. This is an appeal to this court on questions of law by plaintiff, appellant herein, from a judgment of the Common Pleas Court of Cuyahoga County granting a motion to quash service of summons as to defendant The Toni Company, entering judgment in favor of such defendant, and discharging certain attachments secured by the plaintiff.

Plaintiff's petition was originally addressed only to defendant The Standard Drug Company and alleged facts constituting a cause of action for personal injuries to plaintiff by virtue of her purchase from The Standard Drug Company of an article of merchandise known as a "Toni Home Permanent," a liquid intended for use in the self-administration of a cold permanent wave, sold by defendant The Standard Drug Company and produced under formula by The Toni Company. Plaintiff stated that after application of the lotion she broke out in a severe rash which spread from her hair line to her entire body and that she spent many weeks in a hospital and hundreds of dollars before the rash disappeared.

Plaintiff filed her petition against defendant The Standard Drug Company on July 25, 1949, and obtained service on that defendant. Subsequently, with the consent of the Common Pleas Court, plaintiff filed an amended petition making The Toni Company a new

party defendant and declaring that The Toni Company is a foreign corporation organized and existing under the laws of a state other than the state of Ohio and is engaged in the business of manufacturing and selling hair preparations and products throughout the several states, particularly in the city of Painesville, Ohio, although it was neither licensed nor authorized to carry on its business in the state of Ohio at any of the times mentioned in the amended petition. Plaintiff alleged further that the injuries sustained by her were the result of the negligence of both defendants, The Standard Drug Company and The Toni Company.

At the time of filing the amended petition, on September 11, 1951, plaintiff filed also an affidavit of attachment and tied up funds in Cleveland owing to defendant The Toni Company in the hands of The Bailey Company and The May Company, garnishees. Plaintiff, in addition to filing an affidavit of attachment, obtained service by publication on defendant The Toni Company under the provisions of subdivision 7 of Section 11292, General Code. The Toni Company, thereupon, by special appearance, filed a motion for an order quashing service of summons upon it.

Briefs were filed by plaintiff and by The Toni Company and, upon oral hearing of the motion, the trial court made certain findings of fact and conclusions of law. In its findings of fact the trial court found that from the date of the injuries sustained by plaintiff in October 1948 and up until the court hearing of the motion to quash, the defendant The Toni Company was in fact a foreign corporation, not licensed to do business in Ohio and having no agent for service of process in this state. The court took judicial notice of the fact that the lotion purchased by plaintiff had been widely sold in drug and department stores in Ohio, both before and since the cause of action arose.

The court found also that the defendant The Toni
Company was in court by virtue of the answers of
certain garnishees, at least to the extent of funds at-
tached in the hands of the garnishees belonging to The
Toni Company.

The trial court, as a conclusion of law, held that the
motion to quash service of summons should be granted
"in view of the fact that the action against The Toni
Company was not started within the statutory period
of two years, General Code Section 11224-1 and that
the facts do not bring the case within the so-called
'saving clause' General Code Section 11228." The
trial court, therefore, granted the motion to quash
service of summons so far as defendant The Toni Com-
pany was concerned, and the amended petition was
dismissed as to such defendant, judgment being ren-
dered in favor of defendant The Toni Company and
the attachments being discharged.

Four assignments of error are asserted in this court
by plaintiff, it being urged that the trial court com-
mitted error, first, in granting the motion to quash
summons; second, in entering judgment for defendant
The Toni Company; third, in holding as a conclusion
of law that plaintiff did not commence her action with-
in the statutory period of two years, provided in Sec-
tion 11224-1, General Code; and, fourth, in holding that
the "saving clause" (Section 11228, General Code) did
not apply to corporations so as to extend the period
of time for service on defendant The Toni Company
while absent from the state.

Examination of the assignments of error calls for
consideration of two sections of the General Code.
Each of these sections appears in Part Third, Title
IV, Division I, Chapter 2, relating to procedure in
Common Pleas Court. Chapter 2, entitled, "Limita-
tion of Actions," is required to be examined in its en-

tirety; it being comprised of Sections 11218 through 11236, inclusive, General Code.

The first section of the chapter ties together the other sections of the chapter since under the separate heading, "General Limitation," Section 11218, General Code, provides as follows:

"[Lapse of time a bar]. A civil action, unless a different limitation is prescribed by statute, can be commenced only within the period prescribed in this chapter. When interposed by proper plea by a party to an action mentioned in this chapter, lapse of time shall be a bar thereto as herein provided."

The two sections we are specifically called upon to interpret provide as follows:

"Section 11224-1 [Two years; bodily injury or injuring personal property]. An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

"Section 11228 [Saving clause]. When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in this chapter, shall not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought."

Examining and applying the two sections last quoted in the instant case, we are confronted at the outset with the claim on the part of defendant The Toni Company that Section 11228, General Code, referred to as the "saving clause," is intended only for the benefit of natural persons and that the word, "person," in that section negatives the applicability of the

"saving clause" to corporations. While recognizing that the word, "person," is frequently used in contradistinction to "corporations" to mean natural persons or individuals, we must recognize also that the words, "person," and, "corporation," are frequently used interchangeably in statutes and in the United States Constitution, notably in the due process clauses of the Fifth and Fourteenth Amendments. See 10 Ohio Jurisprudence, 50, "Corporations," Section 7. The meaning of words depends upon their context. That the word, "person," in Section 11228, General Code, includes "corporations" seems to us scarcely open to question, since Section 11228 is found in Title IV of Part Third, Remedial, of the Ohio General Code. The first section of Part Third (Section 10213), covering interpretation and words used in Part Third, declares:

"In the interpretation of part third, unless the context shows that another sense was intended, the word 'person' includes a private corporation * * *,"

We call attention also to the immediately following Section 10214, General Code, stating that in the construction of Part Third, and in all proceedings under Part Third, the provisions thereof shall be liberally construed in order to promote its object and to assist the parties in obtaining justice. That section also declares that the rule of the common law, that statutes in derogation thereof must be strictly construed, has no application to Part Third.

We find nothing in Chapter 2, "Limitation of Actions," to indicate that any other sense was intended than that the word, "person," as used in Section 11228, General Code, includes "corporations." In fact, examination of other sections of the same chapter employing the word, "person," appears to disclose the intention of the General Assembly to bestow rights and to confer responsibilities on "persons" in such circumstances as to include "corporations" in this

designation. It is not without significance that where the General Assembly clearly intended to differentiate between corporate defendants and individual defendants it was able to do so, as may be observed in Section 11232, General Code. That the word, "person," includes "corporation" in Section 11228, General Code, seems to us apparent, not only from analysis of the words as defined and used in Part Third, but, also, on the basis that any other interpretation of the "saving clause" would draw a sharp line of discrimination in treatment between corporate defendants and individual defendants, permitting corporate defendants in all cases to be freed of liability at the end of two years, while permitting causes of action against individual defendants outside the state to be preserved. We do not believe any such advantage to corporations as a class of litigants was intended by the General Assembly. That corporate defendants as well as individual defendants may abscond or conceal themselves so as to avoid service of process is obvious. The mere fact that no higher court in Ohio has been called upon to decide the precise point that the word, "person," used in Section 11228, General Code, includes "corporations" appears to us without significance. That cases have arisen in Ohio, however, involving corporate defendants under this section is seen from the case of *Sampson* v. *Scioto Transportation Co.*, 20 Ohio Opinions, 87, 1 Ohio Supp., 180, a nisi-prius case. That action involved a suit for damages for personal injuries received by a passenger in an automobile who was struck by a truck operated by the defendant corporation on an Ohio highway. The plaintiff filed her petition more than two years after the accident occurred, and the petition alleged that the defendant's truck failed to stop after the accident and that from the time of the accident defendant concealed its connection with the accident. The court, on motion of de-

fendant to strike the last mentioned allegation of the petition, held that the motion to strike should be overruled. The court declared that a motorist who flees the scene of an accident may be presumed to have done so for the purpose of concealing his identity and, hence, is one who absconds or conceals himself within the meaning of Section 11228, General Code. The case was not carried to a higher court, but it is illustrative of the fact that ability to abscond is not limited to individual defendants, that a corporate defendant may likewise seek to avoid service, and that a cause of action against either type of defendant is within the saving clause of Section 11228, General Code.

Being firmly of the opinion that corporate defendants are included in the word, ''person,'' in the saving clause (Section 11228, General Code), we turn to the remaining question for decision, i. e., whether the statute in the instant case was suspended by virtue of the fact that The Toni Company, the defendant corporation, was a foreign corporation without an agent for service of process in this state, and apparently absent from the state at all times until the attachment was obtained in the present action. On this point, the trial court made certain findings of fact. The court found that The Toni Company is a foreign corporation, not licensed or authorized to do business in Ohio and having no agent in Ohio for service of process from the time that the injuries were sustained by plaintiff in October 1948 up until December 1951, the time of the court hearing on the motion to quash service of summons. That finding of fact on the part of the trial court is conclusive so far as this court is concerned. We emphasize that this is not a case of a foreign corporation continuously outside of Ohio, with real or personal property clearly and notoriously within the state during that period. We find no claim that defendant at any time prior to the attachment of

the particular funds here involved had any attachable property in Ohio. We mention this point even though we believe that this factor would not alter the law laid down by the Supreme Court of Ohio in three recent cases, which have discussed the effect of Section 11228, General Code. We refer to *Commonwealth Loan Co., Inc., v. Firestine,* 148 Ohio St., 133, 73 N. E. (2d), 501, 172 A. L. R., 993; *Couts* v. *Rose,* 152 Ohio St., 458, 90 N. E. (2d), 139; and *Meekison, Admr.,* v. *Groschner,* 153 Ohio St., 301, 91 N. E. (2d), 680, 17 A. L. R. (2d), 495.

None of the three cases referred to, decided by the Ohio Supreme Court, involved the question whether Section 11228, General Code, intended to differentiate between individual persons and corporations, but each case emphasized the Supreme Court's holding that no exceptions are to be engrafted on the plain language of this statute extending the period of limitation for commencement of actions where the defendant is out of the state. Thus, in *Commonwealth Loan Co.* v. *Firestine, supra,* a promissory note with cognovit provisions had been executed in Ohio by two individuals who left Ohio shortly thereafter and resided in Illinois for approximately four years. The Supreme Court held, in a suit upon the note, that the four years the defendants were out of the state should be added to the statutory period of 15 years otherwise applicable under Section 11221, General Code, even though the plaintiff could have taken judgment on the cognovit note at any time during the statutory period. In refusing to recognize any exceptions with respect to the plain language of Section 11228, General Code, the Supreme Court, with Judge Zimmerman writing the opinion, declared:

"Had the General Assembly intended to remove from the operation of the statute those causes of action against persons absent from the state but against

whom judgment might be taken by confession, it could have done so by the use of appropriate language. If this court were to exempt these defendants from the terms of the statute, it would be doing that which the General Assembly has not seen fit to do and would be indulging in judicial legislation.''

The case last-quoted, and the two subsequent decisions of the Ohio Supreme Court, discussing this statute, are clear in their refusal to recognize any exceptions to Section 11228, General Code, not expressly contained therein.

We believe that this announced policy should be controlling, so far as Ohio courts are concerned, in interpreting this particular section. We are conscious that the courts in a few states have held that a defendant outside the jurisdiction of a state may be held to be present in the state, within the provisions of statutes generally similar to Section 11228, General Code, if, during the defendant's period of absence, attachable property belonging to the defendant is within the state, against which plaintiff might proceed during the period of limitations provided by the statute. The great weight of authority, however, is to the contrary. See annotation in 119 A. L. R., 331, entitled, ''Nonresidence or absence of defendant from state as suspending or tolling statute of limitations, where relief is sought, or could have been sought, by an action or proceeding in rem, or quasi in rem.''

See, also, the cases cited in the annotation at page 337 in connection with the following statement:

''Although there is some authority to the contrary (*Maught* v. *Cassard* [1928], 9 La. App., 78, 119 So., 81; *Zacharie* v. *Sproule & Co.* [1870], 22 La. Ann., 325; see *Garth* v. *Robards* [1855], 20 Mo., 523, 64 Am. Dec., 203), by the great weight of authority the fact that the absent or nonresident defendant had property in the state which might have been subjected to attachment

or other extraordinary process (whether or not consummated by a judgment) before the expiration of the period of limitation, without the necessity of personal service upon the defendant, does not prevent the suspension of the running of the statute by reason of the absence or nonresidence of the defendant, and the period of such absence or nonresidence may not be counted as a part of the period of limitation.''

Cases cited in the annotation in support of the weight of authority include decisions in Alabama, Connecticut, Georgia, Kansas, Kentucky, Maine, Mississippi, Missouri, New Hampshire, New York, North Carolina, Oklahoma, South Dakota, Tennessee, Texas and Washington. More recent cases to similar effect are found in the A. L. R. Blue Book of Supplemental Decisions, Permanent Volume, and 1951 Supplemental Decisions. One such recent case is *Chapin et al., Exrs.,* v. *Posner,* a decision by the Court of Appeals of New York, reported in 299 N. Y., 31, 85 N. E. (2d), 172. The court there held, in interpreting Section 19 of the New York Civil Practice Act (similar to Section 11228, General Code), that absence of the defendant from the state would toll the statute of limitations, even in an action in rem to foreclose a mortgage in the state.

Referring to mortgage foreclosure actions, the court declared:

''If the Legislature had intended to except such actions from the operation of Section 19 of the Civil Practice Act, it could have expressly so provided. It did not do so and we do not think that we should read an exception into the statute by implication.''

A California Court of Appeals, in *Ridgway* v. *Sabin,* 41 Cal. App. (2d), 50, 105 P. (2d), 1024, when called upon to decide a case involving a statute similar to Section 11228, General Code, drew a distinction between actions in personam and actions in rem and held that in actions in rem, such as an action to foreclose a

mortgage, the statute was not tolled, although the owner was outside the state. The court, therefore, engrafted an exception upon the clear language of the California statute. In the instant case, there was no proof that the property, a chose in action of defendant, was in the state during the two-year period of limitations provided by the statute, and we are not called upon to decide a case where the property sought to be reached is real estate, which is continuously within the jurisdiction during the absence of the defendant. Our present decision is limited to the facts of the present case. In view of the Ohio Supreme Court authorities we have cited, we believe we are on sound ground in refusing to read into Section 11228, General Code, an exception not provided by the General Assembly.

We conclude that the trial court committed error in granting the motion to quash service on the defendant The Toni Company and in rendering judgment in favor of the defendant.

Therefore, the judgment is reversed, and the cause is remanded to the trial court with instructions to vacate the order granting the motion to quash and for further proceedings according to law.

*Judgment reversed.*

SKEEL, P. J., and HURD, J., concur.