Thompson, Appellee, *v.* Horvath et al., Appellants.

[Cite as Thompson v. Horvath, 10 Ohio St. 2d 247.]

(No. 40489—Decided June 7, 1967.)

248

*Messrs. Tyack & Scott* and *Mr. George E. Tyack,* for appellee.

*Messrs. Dresbach, Crabbe, Newlon, Bilger, Brown & Jones* and *Mr. James Graham,* for appellants.

HERBERT, J. The principal question presented is whether Section 2305.15, Revised Code, operates in the case at bar so as to preclude the defendant domestic corporation from successfully asserting the statute of limitations as a defense.

Section 2305.15, Revised Code, reads as follows:

"When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in Sections 2305.04 to 2305.14, inclusive, and Sections 1302.98 and 1304.29 of the Revised Code, does not begin to run until he comes into the state or while he is so absconded or

concealed. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought.''

Defendant contends that the purpose of the savings statute is to give a plaintiff the full statutory period to achieve service of process upon a defendant who by departing, concealing, or absconding has eluded the jurisdiction of the Ohio courts.

In *Title Guaranty & Surety Co. v. McAllister, Admx., supra* (130 Ohio St. 537), at page 546, Judge Zimmerman, speaking for a unanimous court, stated a similar purpose:

"As a fair proposition the test of the running of the statute should be the liability of the party invoking its bar to the service of process during the whole of the period described. If such process can be served during that time, and a personal judgment obtained, such party is not 'out of the state' or 'concealed' within the meaning of Section 11228, General Code.''

The defendant in *McAllister* was a foreign surety and guaranty corporation that had complied with the then effective Section 9561 of the General Code (Section 3927.03, Revised Code), which read as follows:

"Any such company desiring to transact business by an agent in this state, shall file with the Superintendent of Insurance a written instrument, duly signed and sealed, authorizing any of its agents in Ohio to acknowledge service of process therein for and in behalf of the company, consenting that service of process, mesne or final, upon any agent, shall be as valid as if served upon the company according to the laws of this or any other state or country, and waiving all claim or right of error by reason of such acknowledgment of service; also, consenting that suit may be brought against it in the county where the property insured was situated, or was insured, or the applicaton for insurance taken, and that service of process made therein by the sheriff of such county, by sending a copy thereof by mail, addressed to the company at the place of its principal office located in the state where it was organized, or, if it is a foreign company, to it at the place of its principal office in the United States, at least thirty days prior to taking judgment in such suit, shall be as valid as if personally made upon the com-

pany according to the laws of this state, or any other state or government; also, *if suit be brought against it after it ceases to do business in this state, and there is no agent of the company in the county in which it is brought upon whom service of process can be made that service upon it may be had by the sheriff sending a copy thereof, so mailed,* and within such time. But the sheriff's return must show the time and manner of such service." (Emphasis added.)

The court held that even though the corporation had ceased doing business in this state and had withdrawn its agents from the state, it was nevertheless continually amenable to process under the substituted-service provision of the above statute and thus could avail itself of the defense that the statute of limitations had run.

The case at bar does not differ. When a domestic corporation is formed, it subjects itself to similar provisions for service of process. Section 1701.07(H) of the Revised Code reads as follows:

"Any process, notice, or demand required or permitted by statute to be served upon a corporation may be served upon such corporation by delivering a copy thereof to its agent, if a natural person, or by delivering a copy thereof at the address of its agent in the county in this state in which the principal office of the corporation is located, as such address appears upon the record in the office of the Secretary of State. If (1) the agent cannot be found, or (2) the agent no longer has said address, or (3) the corporation has failed to maintain an agent as required by this section, and if in any such case the party desiring that such process, notice, or demand be served, or the agent or representative of said party, shall have filed with the Secretary of State an affidavit stating that one of the foregoing conditions exists and stating the most recent address of said corporation which said party after diligent search has been able to ascertain, then service of process, notice, or demand upon the Secretary of State, as the agent of the corporation, may be initiated by delivering to him or at his office quadruplicate copies of such process, notice, or demand and by paying to him a fee of five dollars. The Secretary of State shall forthwith give telegraphic notice of such delivery to the corporation at

its principal office as shown upon the record in his office and also to the corporation at any different address shown on its last franchise tax report filed in this state, and also to the corporation at any different address set forth in the above mentioned affidavit, and shall forward to the corporation at each of said addresses, by registered mail, with request for return receipt, a copy of such process, notice, or demand; and thereupon service upon the corporation shall be deemed to have been made.''

Thus, like the defendant corporation in *McAllister,* the defendant corporation in the case at bar had consented to substituted service if actual service could not be made. Since in *McAllister* the court held that amenability to either actual or substituted service made the savings statute inapplicable, the same conclusion must obtain here.

The plaintiff relies heavily on *Commonwealth Loan Co., Inc.,* v. *Firestine,* 148 Ohio St. 133 (1947), and *Couts* v. *Rose,* 152 Ohio St. 458 (1950). In each case, the savings statute tolled the statute of limitations even though the plaintiff could have obtained a judgment on the absent defendant. The court in each case relied on the actual absence of the defendant (in each case a real person) from the state. Although the savings statute does speak in terms of presence or absence rather than in terms of amenability to process, the literal application of the presence test makes sense only when the defendant is a real person, whose location determines presence *vel non.* A corporation, unlike a real person, has no physical presence but is rather a creature of the law. Thus, whether it is present or not depends on the purpose for which such presence must be determined. It is clear, as Judge Zimmerman said above, that a defendant is present under the savings statute when it can be made to answer to the claims of the plaintiff. Since the defendant corporation was amenable to process during the period of the statute of limitations, it was present in the state, the savings statute is inapplicable, and the statute of limitations is properly available as a defense.

The defendant contends further that its treasurer was present in Cuyahoga County and could have been served, Section 2703.10 of the Revised Code. The plaintiff claims that such

service would have been in vain because Cuyahoga County was not a proper venue, Section 2307.36 of the Revised Code. But since the resolution of that question is made immaterial by the holding in this case, we reserve that question for a more appropriate time.

Nor do we decide whether the service on the Secretary of State which was effected within 60 days of the expiration of the statutory period for bringing the action was actually seasonably made by virtue of Section 2305.17 of the Revised Code. The plaintiff has not raised that question here. Even though the resolution of that question is material to this case, judicial efficiency requires that we not decide quesions unless they have been presented to us, Section 2505.21 of the Revised Code.

The judgment of the Court of Appeals is reversed and that of the Common Pleas Court is affirmed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS and O'NEILL, JJ., concur.

SCHNEIDER and BROWN, JJ., dissent.