Harry PARTIS
v.
MILLER EQUIPMENT CO., Inc.
and
North & Judd Manufacturing Company
and
R. H. Buhrke Company, Inc.
Civ. No. C66-694.

United States District Court,
N. D. Ohio, E. D.
April 29, 1970.

Sieman, Sieman & Sieman, Evans, Gentithes & Meermans, Warren, Ohio, for plaintiff.

W. Glenn Osborne, Youngstown, Ohio, Atty., for Miller Equipment Co., Inc.

Norman A. Rheuban, Youngstown, Ohio, for North & Judd Mfg. Co.

Harley McNeal, Cleveland, Ohio, for R. H. Buhrke Co., Inc.

## MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS

KALBFLEISCH, District Judge.

The plaintiff herein was employed by Ohio Edison Company as a power lineman when he met with the accident from which this case arose. It is alleged in the amended and supplemental complaint that, on October 9, 1964, plaintiff was injured when he fell from a utility pole upon which he was working. The fall is claimed to have resulted from failure of a safety device consisting of a body belt and safety strap which the plaintiff was using to maintain his position atop the utility pole.

The original complaint was filed on October 4, 1966, and named Miller Equipment Co., Inc., as the sole defendant. It was Miller Equipment Co., Inc., which allegedly sold the safety device to Ohio Edison Company. On December 23, 1969, plaintiff filed an amended and supplemental complaint wherein North & Judd Manufacturing Company and R. H. Buhrke Company, Inc., were added as parties defendant. It is alleged that the last named corporations sold to Miller Equipment Company, Inc., certain of the components which made up the safety device alleged to have failed.

Defendants North & Judd Manufacturing Company and R. H. Buhrke Company, Inc., have moved to dismiss the complaint on the ground that the claim asserted against them is barred by the applicable statute of limitations. In opposition to the motions, plaintiff argues that

Section 2305.15 of the Ohio Revised Code, commonly referred to as the "savings statute," tolled the statute of limitations.

In that this case is one based on bodily injury and brought in this Court by virtue of diversity of citizenship, Section 2305.10 of the Ohio Revised Code is applicable:

> "*Bodily injury or injury to personal property.* An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Since the accident of October 9, 1964, preceded the filing of the complaint against the two movants by some five years, it would appear that the action against them is barred. As previously noted, plaintiff relies upon the savings statute as having tolled the two-year time period. That statute provides:

> "*Saving clause.* When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought." O.R.C. § 2305.15.

Movants take the position that Ohio's long-arm statute (O.R.C. §§ 2307.382 and 2307.383) was available to the plaintiff at least from the time of its enactment and that the plaintiff has waited longer than two years to assert his claim.

■ The crucial issue here is whether or not the savings statute applies to the circumstances of this case. It is established under Ohio law that the savings statute tolls the applicable statute of limitations as to a defendant who is absent from the state, even though the plain-

tiff might obtain a personal judgment against him. Commonwealth Loan Co., Inc. v. Firestine, 148 Ohio St. 133, 73 N. E.2d 501, 35 Ohio Op. 121 (1947); Couts v. Rose, 152 Ohio St. 458, 90 N.E.2d 139, 40 Ohio Op. 482 (1950); Chamberlain v. Lowe, 252 F.2d 563 (6th Cir. 1958). In the *Commonwealth Loan Co.* case, the defendant had executed a cognovit note authorizing confession of judgment thereon in his absence. The plaintiff did not institute action against the defendant until after the statute of limitations had run. The court held that, since the defendant was absent from the state, the time limit was tolled despite the fact that the plaintiff could have obtained judgment within the limitation time. In the *Couts* case the same result was reached where the plaintiff could have obtained service on the absent defendant thorugh the non-resident motorists statute (O.R.C. 2703.20) during the time allowed under the limitation statute. Chamberlain v. Lowe also involved a nonresident motorist and held the *Couts* case as controlling. The rationale behind these decisions is that the savings statute is unambiguous in its terms and provides that the limitation time is tolled when the defendant is absent from the state. The courts have refused to legislate an exception into the terms of the savings statute.

Plaintiff argues that, since the savings clause has been held to apply despite the availability to the plaintiff of a means of substitute service over an absent defendant, the availability of the long-arm statute to plaintiff in this case should not affect the application of the savings statute to toll the statute of limitations against North & Judd Manufacturing Company and R. H. Buhrke Company, Inc.—both alleged to be foreign corporations not licensed to do business in Ohio and having no office, place of business, employees or statutory agent within the state through which service could be accomplished directly. The Court views the controlling issue to be whether the two corporations are "absent" from the state within the meaning of the sav-

ings statute. If they are absent, then the cases already discussed would require the conclusion that the savings clause applies even though the long-arm statute has been available to the plaintiff since its enactment on September 28, 1965. If the corporations have been "present" in the state, the rationale of those cases has no application here and the statute of limitations has run against the plaintiff.

The Supreme Court of Ohio has twice considered and decided the issue now confronting this Court concerning corporate "absence" and "presence" under the savings statute. In Title Guaranty & Surety Co. v. McAllister, 130 Ohio St. 537, 200 N.E. 831, 5 Ohio Op. 183 (1936), the plaintiff sued a foreign corporation upon a bond issued by the latter. The defendant was not served until after the applicable statute of limitations had run. The court held that the defendant had been subject to service during the time allowed by the limitation statute and that the action was barred. In the course of the opinion, Judge Zimmerman stated:

"Plaintiff in error [the foreign corporation] * * * was available for service of summons when the cause of action accrued and at all times thereafter. We find ourselves in agreement with the widely accepted tenet that if a foreign corporation has placed itself in such position that it may be served with process, it may avail itself of the statute of limitations when sued. (Citation omitted.)

"As a fair proposition the test of the running of the statute should be the liability of the party invoking its bar to the service of process during the whole of the period prescribed. If such process can be served during that time, and a personal judgment obtained, such party is not 'out of the state' or 'concealed' within the meaning of Section 11228, General Code [now O.R.C. § 2305.15]." 200 N.E. at p. 835, 5 Ohio Op. at p. 186.

In Thompson v. Horvath, 10 Ohio St.2d 247, 227 N.E.2d 225 (1967), the Supreme Court of Ohio cited Title Guaranty & Surety Co. v. McAllister, supra, as controlling in a case where the defendant was a domestic corporation which underwent a change of name and whose officers and agent for service of process were not within the state when service was attempted. Service was eventually obtained, but after the statute of limitations had run. The court held that substituted service under O.R.C. § 1701.07 (H) had been continuously available to the plaintiff when actual service could not be obtained; thus the savings statute did not operate to toll the statute of limitations. In the *Thompson* case, as here, the plaintiff argued that the former decisions of the court required a different result, despite the availability of substituted service. In response to the contention, the court rendered the following analysis which, in this Court's opinion, applies with equal force to the case at hand:

"The plaintiff relies heavily on Commonwealth Loan Co., Inc., v. Firestine, 148 Ohio St. 133, 73 N.E.2d 501, 172 A.L.R. 993 (1947), and Couts v. Rose, 152 Ohio St. 458, 90 N.E.2d 139 (1950). In each case, the savings statute tolled the statute of limitations even though the plaintiff could have obtained a judgment on the absent defendant. The court in each case relied on the actual absence of the defendant (in each case a real person) from the state. Although the savings statute does speak in terms of presence or absence rather than in terms of amenability to process, the literal application of the presence test makes sense only when the defendant is a real person, whose location determines presence *vel non*. A corporation, unlike a real person, has no physical presence but is rather a creature of the law. Thus, whether it is present or not depends on the purpose for which such presence must be determined. It is clear, as Judge Zimmerman said above, that a defendant is present under the savings statute when it can be made to answer to the claims of the plaintiff. Since the de-

fendant corporation was amenable to process during the period of the statute of limitations, it was present in the state, the savings statute is inapplicable, and the statute of limitations is properly available as a defense." At p. 251, 227 N.E.2d at p. 228.

Summarizing the law of Ohio, it is clear that Section 2305.15 of the Revised Code tolls a statute of limitations when the potential defendant is absent from the state, regardless of whether or not the plaintiff has a means of subjecting the defendant to the court's jurisdiction and obtaining a personal judgment against him. The rule springs from the mandatory terms of the savings statute, which statute is deemed applicable despite circumstances which appear to obviate the reasons behind its enactment.

■ In Thompson v. Horvath, supra, the Ohio Supreme Court did not discredit or overrule the principle just stated; rather it defined "presence" and "absence" as those terms relate to Section 2305.15 in cases where the defendant is a corporation. And the rule laid out in the Thompson case is that "presence" of a corporation under the savings statute is determined by its amenability to process, whereas the presence of a natural person is determined by physical location, regardless of his amenability to process.

Plaintiff would distinguish Thompson v. Horvath, supra, on the ground that the defendant in that case was a domestic corporation. Likewise, it is asserted that in Title Guaranty & Surety Co. v. McAllister, supra, the defendant, though a foreign corporation, was authorized to do business in Ohio while, in this case, the movants are not. Though the distinctions from this case are as plaintiff describes them, they are without substance. It is manifest that service under Ohio's long-arm statute vests the court with personal jurisdiction over the defendant. Such service is no less effective in compelling a defendant to answer to the plaintiff's claims than is substituted service on a domestic corporation or a foreign corporation authorized to do business in Ohio. It is the ability to subject the corporation to service which determines, in Ohio, whether the plaintiff may invoke the provisions of Section 2305.15 when he commences an action against a corporation after the time allowed under the statute of limitations.

■ The case of Moss v. Standard Drug Co., 94 Ohio App. 269, 115 N.E.2d 48, 51 Ohio Op. 423 (1952), relied upon by the plaintiff, is inapposite to the circumstances here. The Court of Appeals for Cuyahoga County decided in the Moss case that the savings clause applied where the defendant was a foreign corporation not authorized to do business in Ohio. However, the long-arm statute had not yet been enacted and the court grounded its decision specifically upon a finding that the corporation was "absent" from the state and could not have been sued prior to the time when the plaintiff commenced the action. In view of the later authorities already discussed, it cannot be said here that the movants were "absent" from the state; North & Judd Manufacturing Company and R. H. Buhrke Company, Inc., could have been served, as they eventually were, under the Ohio long-arm statute.

It is the opinion of the Court that, since each of the movants "was amenable to process during the period of the statute of limitations, it was present in the state, the savings statute is inapplicable, and the statute of limitations is properly available as a defense." Thompson v. Horvath, supra, 10 Ohio St.2d at p. 251, 227 N.E.2d at p. 228.

■■ The defense of limitations is properly raised by a motion to dismiss. Chambliss v. Coca-Cola Bottling Corporation, 274 F.Supp. 401 (E.D.Tenn.1967). The allegation in the complaint that the accident here involved occurred on October 9, 1964, and the fact that suit was not commenced against the movants until December of 1969 shows that more than two years elapsed between accrual of the claim and assertion thereof. Service under the long-arm statute was available to plaintiff whose claim, though it arose before the effective date of the

statute, was at that time vital and pending. See Bagsarian v. Parker Metal Company, 282 F.Supp. 766 (N.D.Ohio 1968). Still, the filing of the amended and supplemental complaint postdates, by over four years, the time at which plaintiff was first able to serve the movants.

Thus, it appears from the face of the pleadings that the action was not commenced against the movants within the statutory period prescribed in O.R.C. § 2305.10. Under the principles discussed above, the savings clause is inapplicable.

Accordingly, it is ordered that the motions are sustained and the complaint is dismissed as to defendants North & Judd Manufacturing Company and R. H. Buhrke Company, Inc.