**Harry PARTIS, Plaintiff-Appellant,**

v.

**MILLER EQUIPMENT CO., Inc., and North & Judd Manufacturing Co., and R. H. Buhrke Co., Inc., Defendants-Appellees.**

**No. 20601.**

United States Court of Appeals, Sixth Circuit.

March 5, 1971.

Nathan L. Sieman, of Sieman, Sieman & Sieman, George H. Gentithes of Evans, Gentithes & Meermans, Warren, Ohio, on brief for plaintiff-appellant.

Norman A. Rheuban, Youngstown, Ohio, for North & Judd Mfg. Co.

Arne B. Carlson, Cleveland, Ohio, for R. H. Buhrke Co.; McNeal, Schick, Archibald and Carlson, Cleveland, Ohio, on brief.

W. Glenn Osborne, Youngstown, Ohio, on brief for Miller Equipment Co.

Before EDWARDS, McCREE and KENT, Circuit Judges.

PER CURIAM.

This action arises out of an accident which occurred on October 9, 1964, when plaintiff-appellant was seriously injured. On October 4, 1966 complaint was filed

against Miller Equipment Co., Inc., (Miller) which allegedly sold, to plaintiff-appellant's employer, the safety belt which plaintiff-appellant claims was defective. More than three years after the filing of the original complaint an amended complaint was filed naming North & Judd Manufacturing Co., (North & Judd), and R. H. Buhrke Co., Inc., (Buhrke), as defendants. Defendants-appellees North & Judd and Buhrke filed motions to dismiss relying upon the two-year statute of limitations, § 2305.10, Ohio Revised Code. The plaintiff-appellant relies upon the provisions of Ohio law which "toll" the statute of limitations when a defendant is absent from the state, § 2305.15, Ohio Revised Code.

In a well-reasoned memorandum opinion District Judge Girard E. Kalbfleisch recognized the distinction drawn by the Ohio Supreme Court between an individual defendant absent from the state who was served with process more than two years after the cause of action arose, Couts v. Rose, 152 Ohio St. 458, 90 N.E. 2d 139; Chamberlain v. Lowe, 252 F.2d 563 (C.A. 6, 1958), and a foreign corporation not present in the state, Thompson v. Horvath, 10 Ohio St.2d 247, 227 N.E.2d 225.

This Court has the same difficulty as did the District Judge in distinguishing the difference between a nonresident motorist who is not entitled to rely upon the statute of limitations, though amenable to process because service may be obtained upon the Secretary of State, § 2703.20 O.R.C., and a non-domesticated foreign corporation which is amenable to service of process under the "long-arm statute," § 2307.382 O.R.C. and § 2307.-383 O.R.C. Despite the difficulty of reconciling the cases relating to individual defendants and corporate defendants we are satisfied, as was the District Judge, that this case is controlled by Thompson v. Horvath, supra, and should be affirmed on the memorandum opinion of the District Judge.

Judgment affirmed.