## WEBER v. LEE COUNTY.

In this case, where the questions presented for decision were the same as those decided in the preceding case, the doctrine of that case was affirmed.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

*Messrs. Dick and Grant, for the plaintiff in error; Mr. Thomas Ewing, Sr., contra.*

Mr. Justice CLIFFORD delivered the opinion of the court; stating the case.

Bonds to the amount of four hundred and fifty thousand dollars were issued by the proper officers of Lee County in the State of Iowa, in favor of three railroad companies, in equal proportions. Recitals of the respective bonds were, that they were issued to some one of those railroad companies, pursuant to a vote of the people of the county, at an election held September 10th, 1856, authorizing the county judge to make a subscription to the capital stock of the railroad, and issue the bonds for the amount of the subscription.

Irregularities occurred in the preliminary proceedings, but the legislature of the State, on the twenty-ninth day of January, 1857, passed an act declaring, in substance and effect, that all of the votes taken in the county, in the form of a joint or several proposition, whether the county would aid in the construction of one or more railroads, specifying the amount to be given to each, as a joint or several proposition, and the subscriptions made by the county, and the bonds of the county, issued or to be issued in pursuance of those votes and subscriptions, should be regarded as legal and valid, and that such bonds, issued or to be issued under such votes and subscriptions, should be a valid lien upon the taxable property of the county.

Second section of the same act also provided that the county judge, or other proper authority of the county, should levy and collect a tax to meet the payment of the principal and interest of such bonds; and that the county, in any suit brought to recover the principal or interest of the bonds, should not be allowed to plead that the same were usurious, irregular, or invalid, in consequence of the informalities cured by that act.

Determined, as it would seem, to cure all informalities, the legislature added a third section, which provides that all bonds issued by the county, in pursuance of any such vote of the people of the county, shall be valid and of full legal and binding force and effect, notwithstanding any informality or irregularity in the submission of the question to a vote of the people, or in the taking of the vote authorizing the subscription to such railroad and the issuing of such bonds.

On their face they purport to have been issued under the authority of a vote of the people of the county, and therefore fall directly within the terms of the curative act of the General Assembly. They are for one thousand dollars each and are payable in twenty years from date, with interest at the rate of eight per cent., payable semi-annually, on the delivery of the interest coupons.

Plaintiff was the holder of a large number of these bonds, and the corporation defendants failing to pay the interest as it accrued, he commenced an action of assumpsit against them to recover the same, in the Circuit Court of the United States for the District of Iowa, and the judges of the Circuit Court for that district being interested in the event of the suit, the same was, with the consent of the defendants, transferred to the Circuit Court of the United States for the Northern District of Illinois. Defendants appeared and demurred to the declaration, and the judgment was for the plaintiff in the sum of eighteen thousand two hundred and seven dollars and ninety-two cents.

The undisputed facts are that the judgment remains unsatisfied; that the county has no property subject to execution; that the property of a private citizen cannot be taken in that State to satisfy a judgment against a municipal corporation; that the general laws of the State provide that where a judgment has been recovered against such a corporation, a tax must be levied to pay the judgment; that the power to levy the special tax, as authorized in the curative act of the General Assembly, has been by law transferred from the county judge to the defendants, and that they have neglected and refused to levy and collect any tax to pay the judgment.

Unable to enforce the judgment, the plaintiff, being without other legal remedy, applied to the Circuit Court, in which he recovered judgment, for a writ of mandamus to compel the defendants to levy the special tax, as provided in the act of the

General Assembly. Adopting the usual course, the court issued the alternative writ and it was duly served. Due return was made by the defendants to the writ, in which they state that they refuse to levy the tax, and assign for cause that, at the suit of certain tax-payers of the county, they had previously been enjoined by the State court from levying any tax to pay the judgment, and allege, as matter of belief, that if they should obey the writ they would be subject to a penalty for contempt, and therefore that they cannot obey the writ and levy the tax.

Views of the plaintiff were, that the return was insufficient, and he accordingly moved the court to quash it, for the following reasons: 1. Because the decree of injunction, having been pleaded as a bar to the action to recover the interest, and the plea having been overruled in that suit, is not a sufficient answer to the application and alternative writ to enforce the judgment. 2. Because the relator was no party to the suit in which the injunction was obtained.

Parties agree that the plaintiff was not a party to that suit. They were heard at a subsequent day and the court overruled the motion to quash, discharged the rule for a peremptory writ, and rendered judgment for the defendants.

Exceptions were duly taken by the plaintiff to the decision of the court in overruling the motion to quash, discharging the rule for a peremptory writ, and in rendering judgment in the case; and he, the plaintiff, sued out this writ of error.

Attention to the facts of the case as stated will show that the questions presented for decision are the same as those just decided in the preceding case.

Public property of a county in the State of Iowa is exempt from execution, and the act of the General Assembly provides that the property of the citizen shall in no case be taken to satisfy the debt of the municipality.

Proper remedy of the judgment creditor in such a case in the State court, is by mandamus to compel the proper officers of the county to levy a tax to pay the judgment. Such a creditor having recovered judgment in the Circuit Court, is entitled to the same remedy under the Process Acts passed by Congress.

Mandamus, when issued in such a case by the Circuit Court, is neither a prerogative writ nor a new suit. On the contrary, it

is a writ authorized by the fourteenth section of the Judiciary Act, as necessary to the exercise of jurisdiction which has previously attached; and when issued in such a case becomes the substitute for the ordinary process of execution to enforce the judgment. State courts cannot enjoin the process of proceedings in the Circuit courts, not on account of any paramount jurisdiction in the latter, but because they are entirely independent in their sphere of action.

JUDGMENT REVERSED and the cause remanded, with directions to grant the motion of the plaintiff and quash the return as insufficient, and for further proceedings in conformity to the opinion of the court.

Mr. Justice MILLER took no part in this judgment, being a tax-payer in Lee County.