## THOMPSON v. PERRIS IRR. DIST.

### (Circuit Court, S. D. California. June 11, 1902.)

### No. 849.

**1. MANDAMUS—ENFORCING COLLECTION OF JUDGMENT AGAINST IRRIGATION DISTRICT.**

Mandamus is the proper remedy in the United States circuit court for collecting a judgment obtained therein against an irrigation district of California.

**2. SAME—PARTIES AGAINST WHOM WRIT MAY ISSUE.**

Under St. Cal. 1897, p. 267, which provides that the board of directors of an irrigation district shall levy an assessment sufficient to raise the

---

¶ 2. See Mandamus, vol. 33, Cent. Dig. §§ 242, 243.

annual interest, etc., on outstanding bonds, and that, in case of their neglect or refusal to do so, the duty shall devolve on the board of supervisors of the county, mandamus may issue against the supervisors, in the event of their delinquency, to compel performance of said duty.

**8. SAME—NATURE OF PROCEEDING.**

When so employed, the writ is not a new suit, but simply process essential to jurisdiction, and a substitute for execution to enforce the judgment.

**4. SAME—PARTIES ENTITLED TO APPLY FOR WRIT.**

Application for mandamus to compel the board of supervisors of a county to levy an assessment to pay a judgment on coupons of bonds issued by an irrigation district in the county need not be made by or on behalf of all the bondholders, but the remedy is available to any one or more of them.

Petition for Mandamus. On motion to quash order for alternative writ and to dismiss, and on demurrers to said petition.

C. C. Wright, for plaintiff.

Works & Lee, for defendant.

WELLBORN, District Judge. Plaintiff, on the 28th day of March, 1901, obtained judgment against the defendant, the Perris Irrigation District, for $8,306.75, on certain coupons attached to 61 bonds issued by said district, the whole of said issue being 884 bonds. The board of directors of said district having neglected to make any assessment or levy for the payment of said coupons, plaintiff demanded of the board of supervisors of Riverside county that they make the necessary assessment and levy, which demand was refused, and thereupon plaintiff petitioned this court for a writ of mandate against said board of supervisors, directing them to make said assessment and levy. An alternative writ has been issued, and in response thereto the defendant and said board of supervisors have moved to quash said writ, and dismiss the petition therefor, and have also filed demurrers to said petition. The present hearing is on said motion and demurrers.

Mandamus is the proper remedy in the United States circuit court for collecting a judgment obtained therein against an irrigation district of California. Knox Co. v. Aspinwall, 24 How. 376, 16 L. Ed. 735; Weber v. Lee Co., 6 Wall. 210, 18 L. Ed. 781; Riggs v. Johnson County, 6 Wall. 193, 18 L. Ed. 775; Mayor v. Lord, 76 U. S. 409, 19 L. Ed. 704; U. S. v. City of New Orleans, 98 U. S. 397, 25 L. Ed. 227; U. S. v. Knox County Court, 122 U. S. 318, 7 Sup. Ct. 1171, 30 L. Ed. 1152; Chanute City v. Trader, 132 U. S. 211, 10 Sup. Ct. 67, 33 L. Ed. 345. Where the board of directors of the district neglect or refuse to cause the necessary assessment and levy to be made, that duty devolves upon the board of supervisors of the county in which the office of said board of directors is situated (St. Cal. 1897, p. 267), and the writ may issue against said board of supervisors, in the event of their delinquency, to compel performance of said duty. Labette County Com'rs v. U. S., 112 U. S. 217, 5 Sup. Ct. 108, 28 L. Ed. 698; U. S. v. Knox County Court, supra. When so employed, the writ is not a new suit, but simply process essential to jurisdiction, and a substitute for execution to enforce the judgment. Riggs v. Johnson County, supra; Weber v. Lee Co., supra. It is

not necessary that application for said writ be made by or on behalf of all the bondholders, but the remedy is available to any one or more of them. This point was expressly determined by the circuit court of appeals of this circuit in an opinion filed in this cause on the 5th day of May, 1902.

The motion and demurrers above mentioned will be denied and overruled, and the peremptory writ of mandate issued.