### SHAMROCK TOWING CO., Inc., et al. v. CITY OF NEW YORK et al.

District Court, E. D. New York.    April 13, 1927.

#### No. 6469.

**I. Execution** ⬤⇒84—Where judgment decreed recovery against city and corporation, return of execution against corporation unsatisfied held sufficient to permit issuance of execution of whole amount against city.

Where judgment decreed recovery against city and corporation, with right, on default of one, to have execution against the other, return of execution against corporation unsatisfied is sufficient to permit issuance of execution of whole amount against city.

**2. Mandamus** ⬤⇒III—Federal District Court may compel payment of its judgments by mandamus.

United States District Court has power to compel payment of its judgments by mandamus.

**3. Mandamus** ⬤⇒3(6)—Mandamus to compel payment of judgment by city of New York will be denied, where execution was not issued against property held in private capacity (Greater New York Charter, § 264).

Mandamus will not lie against city of New York to compel payment of judgment, where no attempt was made to have execution against property held by city in private capacity, notwithstanding Greater New York Charter, § 264.

**4. Municipal corporations** ⬤⇒1038—"Private property of municipal corporation" may be seized for payment of debts.

"Private property of municipal corporation" may be seized and sold for payment of debts, such property being that which is not necessary to performance of functions of government.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Private Property.]

In Admiralty. Libel by the Shamrock Towing Company, Inc., as owner, and the North British & Mercantile Insurance Company, Limited, as underwriters, of the scows

Charles F. McGuirl, Altoona, and Walter C. Clark, their tackle, etc., against the City of New York, in which the Manhattan Ash Removal Corporation was impleaded. On application for mandamus to compel the payment of judgment by the City of New York. Application denied.

See, also, 16 F.(2d) 199.

Alexander & Ash, of New York City, for petitioner.

George P. Nicholson, of New York City, for respondent.

Foley & Martin, of New York City, for North British & Mercantile Ins. Co.

MOSCOWITZ, District Judge. This is an application for a peremptory writ of mandamus. Upon a mandate of the Circuit Court of Appeals a final decree and judgment was entered by this court on February 1, 1927, decreeing that the libelants recover from the city of New York and the Manhattan Ash Removal Corporation each one-half of $27,890.15, with interest until paid, and "that upon default in payment by either of the respondents of one-half of the said last-named total sum, shall have the usual remedy over, and execution against the other respondent for all or any part of said one-half, which either of the said respondents fail to pay."

The certified copy of the final decree and judgment was served on the comptroller of the city of New York on February 5, 1927. Execution for one-half of the said judgment was issued against the property of the respondent Manhattan Ash Removal Corporation on or about February 17, 1927, and returned by the United States marshal wholly unsatisfied on February 21. A certified copy of said execution and return was served on February 25, 1927, on the corporation counsel for the city of New York, its proctor of record in this suit.

[1] The city has refused to pay, claiming that libelants have not used diligent efforts to satisfy the execution against the Manhattan Ash Removal Corporation. The return of the execution unsatisfied by the marshal is sufficient to permit issuance of execution of the whole amount against the city of New York.

[2] The libelants have applied for a writ of mandamus. This court has the power to com-

pel payment of its judgments by mandamus. United States v. New Orleans, 98 U. S. 381, 25 L. Ed. 225; Wolff v. New Orleans, 103 U. S. 358, 26 L. Ed. 395; Ralls County Court v. U. S., 105 U. S. 733, 26 L. Ed. 1220; Bunch v. U. S. (8 C. C. A.) 252 F. 673, 675; Thompson v. Perris Irr. Dist. (C. C.) 116 F. 769, 770. "Mandamus * * * is a remedy * * * to compel any person, corporation, public functionary, or tribunal, to perform a duty required by law, where the duty sought to be enforced is clear and undisputable, and the party * * * has no other legal remedy." Riggs v. Johnson County, 6 Wall. 193, 18 L. Ed. 775.

[3] The main question is, have the libelants any other legal remedy? Greater New York Charter, § 264, reads:

"No execution shall be issued upon any judgment recovered against the city of New York until after ten days' notice, in writing, of the recovery of such judgment shall have been given to the comptroller."

There is no dispute that execution can be issued against the city of New York. In John Leonard v. City of Brooklyn, 71 N. Y. 498, 27 Am. Rep. 80, the New York Court of Appeals said:

" * * * Property held by a municipal corporation for public use, such as public edifices or their furniture, or ornaments, or the public parks or grounds, or such as may be legally pledged for the payment of its debt, is not subject to seizure and sale on execution * * * in the absence of an express statutory provision authorizing it."

[4] Nothing, however, is said against executing against property held by a city in a private capacity and charged with no public trust.

"It is a general principal of law that the private property of a municipal corporation —i. e., that which is not necessary to the performance of the functions of Government— may be seized and sold for the payment of debts." Hart v. City of New Orleans (C. C.) 12 F. 292 at page 295.

Since no evidence is shown here that the libelants have attempted to avail themselves of the legal remedy at their disposal application for mandamus is denied, with leave to renew if execution is returned unsatisfied.

Settle order on notice.