**GRZYWNA, Plaintiff-Appellant, v YOUNGSTOWN MUNICIPAL RY. CO., Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3159. Decided June 23, 1947.

W. E. Stankiewicz, Youngstown, for plaintiff-appellant.
Harrington, Huxley & Smith, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, J.

In accordance with statutory provision plaintiff filed a petition in the court of common pleas on October 23, 1941, in case number 111655, in which he sought to recover damages from defendant for loss of services of his wife and medical expenses incurred in treating injuries allegedly sustained by her while riding as a passenger on one of defendant's alleged negligently operated busses in the city of Youngstown, Ohio, on November 7, 1940. Defendant filed an answer in that case on November 29, 1941.

On February 26, 1943, a judge of the court of common pleas made the following docket entry on his daily docket sheet in case 111655 "dismissed by plaintiff at plaintiff's costs", at a time when plaintiff had other counsel, of which entry plaintiff's present counsel claims he knew nothing. The clerk of the court of common pleas entered such dismissal upon the general docket of that court, but failed to journalize or enter it on the appearance docket thereof.

After leave granted by the same judge (apparently under the mistaken impression that the cause was still pending) counsel for plaintiff filed an "amended petition" in case 111655 on November 6, 1944.

Hearing was had on March 5, 1945, on defendant's motion to strike from the files plaintiff's "amended petition" filed in case 111655. That motion was sustained on March 21, 1945, and a nunc pro tunc entry was filed on March 22, 1945, journalizing plaintiff's dismissal as of February 26, 1943, and entering it on the appearance docket of the trial court.

This court affirmed the judgment of the court of common pleas entered in that case on November 28, 1945, in which judgment of affirmance all members of this court concurred, and in the opinion written in that appeal by Judge Nichols, in which Judges Carter and Phillips did not concur, he said:—

"* * * It is clearly shown by the transcript of the docket and journal entries * * * that the entry of dismissal of the action in the Common Pleas Court was upon plaintiff's own motion—therefore, such dismissal was not prejudicial to plain-

tiff. There is no showing that counsel for plaintiff was unauthorized to cause such dismissal, or acted without plaintiff's knowledge and consent. * * * it must be presumed that plaintiff's counsel of record acted within the scope of his authority in dismissing the action.

"* * * It is apparent that the action was dismissed otherwise than upon its merits.

"We have carefully examined the record and files in this case, and find that the facts stated in such entry nunc pro tunc are true and correct, and the situation presented thereby fully warranted the court in entering such judgment of dismissal as of the date appearing on the court's daily docket sheet and General Court Docket.

"Whether plaintiff may yet avail himself of the provisions of §§11586 and 11233 GC, we do not now determine.

"All other assigned errors fail if we are right in our conclusion there was no prejudicial error in the court sustaining defendant's motion for the entry nunc pro tunc dismissing plaintiff's action as of February 26, 1943."

On January 30, 1946, two years after the statute of limitations for filing such action (§11224, GC) had expired, plaintiff filed a petition in the court of common pleas in a new case numbered 120857 in which he sought substantially the same relief as he sought in case number 111655.

Upon hearing held on February 28, 1946, the trial judge sustained the first ground and overruled the second ground of plaintiff's motion to that part of defendant's answer in which it alleged "plaintiff did not since February 26, 1943, legally commence his action within the time allowed by law."

At the conclusion of the opening statements in the trial of case 120857, held on November 18, 1946, the trial judge sustained the motion of defendant's counsel for a verdict directed in its favor on the ground that the case was barred by the statute of limitations, arrested the case from the consideration of the jury, discharged the jury, and entered judgment for defendant.

Plaintiff appealed to us on questions of law from the judgment of the trial court entering judgment for defendant in case 120857, and contends that the trial judge erred in making and entering such "orders and judgments"; that they are contrary to law; and "that by the entry of the aforesaid final judgment this plaintiff-appellant has been forever barred from having an opportunity to have his case heard upon the merits thereof, and has been, in effect, deprived of his day in court, contrary to the **Constitution** of the State of Ohio,

**Article 1, Sections 5 and 16;** and contrary to the Constitution of the United States of America, Amendment XIV Section 1."

We have disposed of most of plaintiff's assigned grounds of error urged in this appeal by our decision rendered in his appeal from the judgment of the trial judge entered in case number 111655, to which decision we adhere, and now proceed to determine whether the trial judge erred to plaintiff's prejudice in overruling the second ground of plaintiff's motion to defendant's answer, "whether by the entry of final judgment" in case 120857 plaintiff "has been forever barred from having an opportuity to have his case heard upon the merits thereof, and has been, in effect, deprived of his day in court"; and whether "plaintiff may yet avail himself of the provisions of §§11586 and 11233 GC," which he did not urge, and we did not determine, in his appeal to us from the judgment of the trial court in case number 111655.

Counsel for plaintiff contends now that plaintiff's cause of action is saved in case number 120857 by the provisions of such sections of the General Code, and that plaintiff had one year from March 22, 1945, to commence case 120857.

Secs. **11**233 and 11586 GC, provide in part as follows:—

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, * * * may commence a new action within one year after such date, * * *." **Sec. 11233 GC.**

"An action may be dismissed without prejudice to a future action:

"1. By the plaintiff, before its final submission to the jury, or to the court, when the trial is by the court." **Sec. 11586 GC.**

Among the questions presented for our consideration and determination in this appeal is whether plaintiff had one year in which to commence action 120857 from March 22, 1945, when the nunc pro tunc entry, to which reference has been made, was actually filed.

Case 111655 was commenced within time, and when it was dismissed by plaintiff's original counsel on February 26, 1943, the time limit for the commencement of new action had not expired.

Case 120857 was filed within one year from the date the trial judge actually entered the nunc pro tunc order on

March 22, 1945, but obviously not within one year from the date when by its terms such entry was to operate; and it is clear that plaintiff failed in case 120857 otherwise than upon the merits of that case.

The dismissal of case 111655 on February 26, 1943, by plaintiff's then counsel involved no action of the court. It was a voluntary dismissal of his case, and was "not a failure in the action." See **Siegfried v Railroad Co., 50 Oh St, 294,** where at page 296, it is said:—

"The precise question in the case is, therefore, did the plaintiff fail in his first action, within the purview of the section of the statute above quoted. If he did not, the action below was barred; but if he did, it was not barred, for it was commenced the next day after the dismissal of the first action. We think the plaintiff, by the voluntary dismissal of his action, did not so fail; and his second action, the action below, was therefore barred. To fail, implies an effort or purpose to succeed. One cannot, properly, be said to fail in anything he does not undertake, nor, in an undertaking which he voluntarily abandons. The right to commence the new action is preserved by section 4991, only where, in the former action, judgment for the plaintiff has been reversed, or he has failed otherwise than upon the merits."

Analyzing the facts in this case in the light of the claims of counsel, the case of Siegfried v Railroad Co., supra, and the pertinent provisions of the cited sections of the General Code, we conclude that plaintiff's cause of action in case 120857 was not saved by any savings clause in such statutes, as his counsel claims; and that the trial judge did not err prejudicially to plaintiff in overruling the second ground of plaintiff's motion to defendant's answer, to which reference has been made.

It follows from what we have said we conclude that by his voluntary acts plaintiff has been barred from having an opportunity to have "his case heard upon the merits thereof", and by reason thereof "has been in effect deprived of his day in court" in case 120857, but not through error of the trial judge.

The judgment of the court of common pleas must be and hereby is affirmed.

CARTER, PJ, NICHOLAS, J, concur in judgment.