Harry FAITH, Plaintiff,

v.

TEXACO, INCORPORATED, a Delaware corporation, Sinclair Refining Company, a Maine corporation, and American Oil Company, a Maryland corporation, Defendants.

Civ. A. No. 5033.

United States District Court
W. D. Michigan, S. D.

June 6, 1969

Marcus, McCroskey, Libner, Reamon, Williams & Dilley, Grand Rapids, Mich., for plaintiff; William G. Reamon, Grand Rapids, Mich., of counsel.

Wheeler, Upham, Bryant & Uhl, Grand Rapids, Mich., for Texaco, Incorporated; Buford A. Upham, Grand Rapids, Mich., of counsel.

Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., for Sinclair Refining Co.; F. William Hutchinson, Grand Rapids, Mich., of counsel.

Warner, Norcross & Judd, Grand Rapids, Mich., for American Oil Co.; Harold S. Sawyer, Grand Rapids, Mich., of counsel.

## OPINION ON MOTION TO AMEND

FOX, District Judge.

Defendants move to amend their answers to add the statute of limitations as a defense. Because of the special, privileged nature of this defense, Rule 8(c) of the Federal Rules of Civil Procedure requires that it be raised in the first responsive pleading. Since the complaint was filed four years ago, the court should examine the history of the case to determine when defendants had information which should have given them notice that the statute of limitations was an issue, and whether there is possible prejudice to the plaintiff in granting the motion for leave to amend.

Plaintiff filed suit against the three defendants in this case on April 30, 1965. On May 20, 1965, defendant Sinclair Refining Company was granted an extension of time within which to answer, from May 23, 1965 to June 21, 1965. The court on May 26, 1965 extended defendant Texaco's time within which to plead from June 1, 1965 to July 1, 1965.

An answer was filed by American Oil Company on May 22, 1965; by Sinclair Refining Company on June 14, 1965; and by Texaco, Incorporated on June 29, 1965. None of these answers attempted to raise the defense of the statute of limitations, as required by Federal Rule 8(c).

The court originally set this case as "subject to call for pretrial conference upon notice any time after March 13, 1966." The parties stipulated to an extension of time to complete discovery until July 31, 1966.

Mr. Faith's deposition was taken by American Oil Company three years ago, on May 11, 1966. A pretrial conference

was finally ordered by the court for September 21, 1966, approximately seventeen months after suit was filed. Discovery should have been completed by that time. At the pretrial, however, plaintiff requested an extension of time for completion of discovery, and it was granted.

In November and December of 1966, Texaco deposed seven doctors who had knowledge of Mr. Faith's medical condition, including his attending physician. They then each had a full opportunity, two and a half years ago, to ascertain the complete medical history of the plaintiff.

The court sent out a warning on January 13, 1967, that attorneys "have been appearing at pretrial conferences without fully complying with this court's pretrial conference order * * *," including the completion of discovery. Completion of all pretrial requirements was ordered.

In an attempt at further accommodating all parties, the court extended the time for filing and serving answers to plaintiff's interrogatories and for the making of objections thereto.

Texaco filed a motion for an extension of time to answer plaintiff's interrogatories on April 19, 1967. Again this court granted the request.

A pretrial was then set for January 31, 1968, approximately two and a half years after this action was commenced. Six months later, American Oil Company was sending interrogatories to a toxicologist, H. E. Stokinger, Ph.D.

Defendant Texaco deposed Dr. Charles Doan one year after pretrial, January 14, 1969. Dr. Dameschek's deposition was taken April 21. Dr. Heuper's deposition was taken April 17, and Mr. Coscia's, the assistant records librarian at the University of Michigan Medical Center, on April 24, 1969.

■ Now, four years after suit was filed, defendants attempt to raise the privileged defense of the statute of limitations. Much time, effort and expense have been put into this case by plaintiff. Since December of 1966, plaintiff has spent $3,500. To permit defendants to now plead the statute of limitations would be clearly inequitable and unjust. Defendants claim that their failure is excused by the fact that plaintiff failed to file with the court a concise statement of the issues of fact and law, as required by the pretrial order, until one week before the trial. This fact is irrelevant and not comparable to defendants' failure to amend. The complaint itself gave notice of every issue stated by the plaintiff in his concise statement. No prejudice of any kind resulted from plaintiff's delay.

On the other hand, through the past four years the defendants have had an opportunity to discover the complete medical history of the plaintiff. His attending physicians were deposed in November of 1966. At that deposition, Dr. Kleaveland stated at page 5 that plaintiff's symptoms began in December of 1961, clearly putting all defendants on notice that the statute of limitations might be an issue. This was two and a half years ago, yet no leave to amend was requested until two weeks before trial.

Federal Rule 15(a) requires that leave to amend pleadings be freely granted "when justice so requires." However, it is equally true that such leave should be denied "[when] the amendment would cause substantial prejudice to a party to the action." Strauss v. Douglas Aircraft Co., 404 F.2d 1152, 1155 (2d Cir. 1968). The court must carefully balance the effect of permitting an amendment of this type, "for it is manifest that risk of substantial prejudice increases in proportion to the length of defendant's delay in seeking the amendment." Id.

The length of delay in this case is measured in years rather than months. Plaintiff has spent thousands of dollars and countless hours in preparing his case. Any hope for commencing suit in

another jurisdiction is now gone. If the statute of limitations had been timely pleaded, that issue could have been resolved before the years of preparation which have now gone into this case. Plaintiff would also have had time to research the possibilities of bringing his action in another jurisdiction. Plaintiff would thus be seriously prejudiced should leave to amend be granted.

The court has been most generous in granting a number of extensions of time in this case. Perhaps, the most important extensions were those given at the outset of the case permitting defendants Texaco and Sinclair more time to formulate their answers to the complaint. During this extra time they should have recognized that the statute of limitations was a possible issue, since the complaint itself was somewhat vague as to the onset of the injuries. Discovery was available to the defendants if they required more information in this regard. And even when all the information needed was obtained from the doctors in November of 1966, no effort was made at that time to plead the statute of limitations.

The answers, as filed, contained no references to the statute of limitations, or any other affirmative defense. They were simple affirmations and denials of the complaint's allegations, and assertions of lack of knowledge. The total combined assets of the defendants as of 1967, as reported in Fortune Magazine, were in excess of fourteen billion dollars. They had available to them research resources in almost every state. With research facilities touching upon all of the scientific disciplines involved, and with expertise in these disciplines (since as a matter of law each refiner is an expert in the field of its production, 2 Harper & James, Torts § 28.4), the defendants were in a position from the date of the filing of the complaint to explore and determine promptly all of the essentials of any defense of the statute of limitations.

Limitation of action would thus seem to have been an obvious defense four years ago, or at least two and a half years ago. If counsel believed that any serious question might exist as to possible expiration of the relevant statutory limitations periods, then in fairness to all parties, the defense should have been explicitly preserved in the answer, or as soon thereafter as possible. The misleading nature of the original answer, together with the ensuing long delay in seeking amendment and consequent prejudice to the plaintiff amounted to a waiver of the defense of the statute of limitations. Basko v. Winthrop Laboratories, Inc., 268 F.Supp. 26 (D.Conn.1967) (Timbers, C. J.). See also Smith v. Insurance Co. of North America, 30 F.R.D. 540 (M.D.Tenn. 1962); Roe v. Sears, Roebuck & Co., 132 F.2d 829 (7th Cir.1943); Strauss, supra.

Therefore, the motion for leave to amend defendants' answers and plead the statute of limitations should be and is hereby denied.