HOWARD, APPELLANT, *v*. ALLEN, APPELLEE.

(No. 71-50—Decided August 17, 1971.)

*Messrs. Carlisle, Bean & Hines, Messrs. Caren, Lane, Huggard, Alton & Horst* and *Mr. David L. Day*, for appellant.

*Messrs. Crabbe, Newlon, Potts, Schmidt, Brown & Jones, Mr. Wilbur W. Jones* and *Mr. Robert F. Howarth*, for appellee.

WHITESIDE, J.   This is an appeal upon questions of law from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant, appellee herein, upon the ground that the action was not commenced by plaintiff, appellant herein, within the time limited by the statute of limitations.

Plaintiff, a resident of Spartanburg, South Carolina, alleged in her amended complaint that on or about February 24, 1967, she was injured at the downtown airport in

Greenville, South Carolina, when defendant, a resident of Columbus, Ohio, negligently started the engine of an airplane of which he was pilot, causing the metal propeller to strike plaintiff. Plaintiff filed her complaint in the Ohio trial court on September 18, 1970, at a time after the expiration of the two-year period within which such an action is required to be filed by R. C. 2305.10.

In the interim, appellant had filed a complaint in the Court of Common Pleas, County of Spartanburg, South Carolina, attempting to obtain jurisdiction over defendant by attaching his liability insurance policy. A motion to quash service of summons and to vacate the warrant of attachment was sustained. An appeal was taken, and on July 9, 1970, the Supreme Court of South Carolina affirmed the judgment of the South Carolina Court of Common Pleas, which judgment became final on July 28, 1970. In February 1970, appellant filed a complaint in the United States District Court, Southern District, Eastern Division of Ohio, based upon the same allegations of fact as are alleged in this case. That case apparently is still pending in the federal court which, on May 5, 1970, by order, sustained a motion to dismiss the case, which order was reconsidered and vacated on December 9, 1970. The motion to dismiss in the federal court was also predicated upon the statute of limitations.

Appellant's only assignment of error is that the judgment of the Court of Common Pleas is contrary to law. Appellant contends that since the original action filed in South Carolina was filed within two years after the cause of action accrued and such action failed other than upon the merits, the saving statute, R. C. 2305.19, is available to appellant. R. C. 2305.19 reads, in pertinent part, as follows:

"In an action commenced, or attempted to be commenced * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *"

The present action was commenced within one year of the final judgment of the South Carolina Supreme Court. Thus, there are three basic questions:

(1) Was the South Carolina action an action "commenced, or attempted to be commenced" within the meaning of R. C. 2305.19?

(2) Did such South Carolina action fail otherwise than upon the merits?

(3) Does R. C. 2305.19 apply where the original action is commenced or attempted to be commenced in a state other than Ohio?

There can be no doubt that the action in South Carolina was never commenced. An action is commenced by filing a complaint if service is obtained within one year from such filing. R. C. 2305.17; Civil Rule 3(A). In order to constitute service there must be *effective* service. *Mason* v. *Waters* (1966), 6 Ohio St. 2d 212. In the South Carolina case, a motion to quash service was sustained. There was no effective service.

R. C. 2305.19 applies also if the original action was "attempted to be commenced." This poses a more vexing problem. In the *Waters* case, *supra*, the Supreme Court applied a statutory definition of what constituted an attempt to commence an action. That statute, R. C. 2305.17, was amended in 1965 to delete the definition of "attempted commencement," and modified the definition of "commencement" to essentially the same definition as contained in Civil Rule 3(A). There is now no definition of what constitutes an action attempted to be commenced within the meaning of R. C. 2305.19 set forth either by statute or civil rule. Unless it can be held that the definition, of an attempt to commence an action, of former R. C. 2305.17 continues to define the terms as used in R. C. 2305.19, it would appear that the good faith filing of a complaint followed by service within one year from such filing, which service is later determined to be ineffective, would constitute an attempt to commence the action within the meaning of R. C. 2305.19.

The Supreme Court of South Carolina expressly held

that its determination was otherwise than upon the merits of the complaint. We do not view that determination as binding. Civil Rule 41(B)(4) provides that:

"A dismissal (a) for improper venue, (b) for lack of jurisdiction over the person or the subject matter, or (c) for failure to join a party under Rule 19 or Rule 19.1 shall operate as a failure otherwise than on the merits."

Appellant contends that the dismissal in the South Carolina case was for lack of jurisdiction and thus was a failure otherwise than upon the merits within the contemplation of Rule 41(B)(4). Civil Rule 12(B) provides seven defenses which may be made by a motion or by answer at the option of the pleader. These are:

"(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1."

It is apparent that dismissals for insufficiency of process or insufficiency of service of process are not among the dismissals which Rule 41(B)(4) provides shall operate as failures otherwise than upon the merits. However, Rule 41(B)(3) provides, as follows:

"A dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

The South Carolina Supreme Court did *otherwise* specify, expressly stating that its determination was otherwise than upon the merits of the complaint.

We conclude, however, that R. C. 2305.19 has no application when the original action was filed in a court in a state other than Ohio. The parties have not cited, and we have not found any authoritative decisions in Ohio considering this question. However, in 51 American Jurisprudence 2d 810, Limitation of Actions, Section 306, it is stated:

"Where the action is regarded as controlled by the

statute of limitations of the forum, it has usually been held that a plaintiff invoking the saving statute of the forum may not rely upon a nonsuit in an earlier action brought in another state. * * *''

See, also, annotation, 55 A. L. R. 2d 1038.

The Ohio rule is that statutes of limitation are remedial in nature and therefore controlled by the law of the forum. The Ohio statute applies only to actions brought in Ohio and thus can be tolled only with respect to actions brought in Ohio. There could be no action commenced or attempted to be commenced within the purview of the Ohio statute of limitations unless the Ohio statute of limitations was applicable to the original action.

The saving clause of R. C. 2305.19 does not apply unless the original action was filed within the period provided by the applicable statute of limitations. *LaBarbera* v. *Batsch* (1967), 10 Ohio St. 2d 106. While the date on which the action was brought in South Carolina was less than two years after the cause of action accrued, it was not brought within the period permitted by the Ohio statute of limitations because the Ohio statute had no application to such action, the South Carolina statute of limitations apparently being six years.

We conclude that the saving clause of R. C. 2305.19 is available only where there was an action commenced or attempted to be commenced in a forum in which the Ohio statute of limitations is applicable within the time permitted thereby, and the plaintiff fails otherwise than upon the merits after the expiration of the time limited for the commencement of the action.

It might be noted that some distinction must be made in regard to a failure upon the merits or otherwise than upon the merits with regard to the applicability of R. C. 2305.19 and the applicability of the doctrine of *res judicata.* For example, a voluntary dismissal is not a failure otherwise than upon the merits within the meaning of R. C. 2305.19. *Beckner* v. *Stover* (1969), 18 Ohio St. 2d 36. However, such voluntary dismissal would ordinarily not be *res judicata.*

Appellant contends further that the judgment of the

trial court was a failure to give full faith and credit to the judicial proceedings in South Carolina in violation of Article IV, Section 1 of the United States Constitution, was a denial to appellant of privileges and immunities of citizens, in violation of Section 2, Article IV of the United States Constitution, and was a denial of the equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution. All these contentions are without merit. The South Carolina judgment was that appellant's action was not properly brought in South Carolina. The judgment herein in no way fails to give full faith and credit to such judgment. Appellant, a nonresident of Ohio, has been afforded exactly the same treatment that an Ohio resident would be afforded under the same circumstances. Appellant cites in support of his contention *LaBarbera* v. *Batsch* (1966), 5 Ohio App. 2d 151, which was reversed by the Supreme Court of Ohio in 10 Ohio St. 2d 106, *supra.*

Appellant's dilemma stems from the failure of her home state, South Carolina, to enact a long-arm statute similar to the Ohio long-arm statute; and in appellant's own failure to bring her action in Ohio within the two-year statutory period provided by the Ohio statute of limitations.

Finding no error for the foregoing reasons, the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

TROOP, P. J., and REILLY, J., concur.