Laura **HAYDEN**, Plaintiff,

v.

**FORD MOTOR COMPANY**, Defendant.

Civ. No. C 70–24.

United States District Court,
N. D. Ohio, E. D.

Aug. 15, 1973.

John F. Dolan, Cleveland, Ohio, John D. Sears, Jr., and Robert L. Brown, Spurlock & Sears, Bucyrus, Ohio, for plaintiff.

Michael R. Gallagher, Cleveland, Ohio, for defendant.

MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

KALBFLEISCH, Senior District Judge.

On March 2, 1973, defendant Ford Motor Company filed a motion

"pursuant to [the] authority of Rule 12(c) of the Federal Rules of Civil Procedure, * * * for Judgment on the Pleadings, for the reason that this action has not been brought within the time provided by law * * *."

A brief in opposition to defendant's motion was filed on May 7, 1973. Defendant filed a response to the new matters asserted in plaintiff's brief on May 31, 1973.

A review of the pleadings indicates that the defense of the time bar was asserted by defendant in its amended answer of September 22, 1972, and its answer to plaintiff's amended complaint filed on November 10, 1972. On April 18, 1973, plaintiff through her attorneys filed a motion and brief requesting leave to file a reply to the answer of defendant. Leave was granted on April 18, 1973, and the reply of plaintiff was filed and docketed on that same date. A response to the matters asserted in the plaintiff's reply was incorporated in defendant's brief of May 31, 1973.

**I.**

The operative facts appear to be quite clear from the record. On July 20, 1965, the plaintiff was injured in an accident involving a truck manufactured by the defendant. In this suit, which was commenced on January 9, 1970, plaintiff claims damages for her bodily injuries.

Further, it is relevant to note that on June 21, 1967, this same plaintiff commenced an action against this same defendant in the Common Pleas Court of Crawford County, Ohio. That action was dismissed by plaintiff on her own motion on December 14, 1971, by a "Judgment Entry" which set forth that:

"Upon the oral motion of plaintiff that this cause be dismissed without prejudice to any other cause of action involving the same parties and same subject matter, and the Court being advised of all matters herein, it is,

"ORDERED, ADJUDGED AND DECREED that this cause be dismissed without prejudice to any other cause of action involving the same parties and the same subject matter."

**II.**

Section 2305.10, Ohio Revised Code, must properly be applied in this diversity action. Wade v. Lynn, 181 F.Supp. 361 (N.D.Ohio 1960); see also Hodge v. Service Machine Company, 438 F.2d 347 (6th Cir. 1971). It provides that:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Thus, to avail herself of this forum the plaintiff must have filed her action

two years prior to the time she actually did so. Her failure to file within the two-year period of time provided by Section 2305.10, Ohio Revised Code, has barred her action in this Court unless she was under disability at the time the accident occurred and filed this action within two years after this disability was removed, pursuant to Section 2305.-16, Ohio Revised Code, or unless she can invoke the provisions of Sections 2305.15 or 2305.19, Ohio Revised Code.

Plaintiff Hayden has not asserted that she was under disability at the time the cause of action arose, therefore she may not avail herself of the savings provisions of Section 2305.16. No material has been received which would indicate that the plaintiff was a minor, of unsound mind, or imprisoned. Ohio Revised Code § 2305.16.

Moreover, the provisions of Section 2305.15, Ohio Revised Code, would seem inapplicable in light of Partis v. Miller Equipment Co., Inc.; 32 Ohio Misc. 249, 324 F.Supp. 898 (N.D.Ohio 1970), aff'd. 32 Ohio Misc. 257, 439 F.2d 262 (6th Cir. 1971).

### III.

Section 2305.19 of the Ohio Revised Code provides in pertinent part that:

"In an action commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date."

■ One of the critical issues in this action is whether plaintiff's dismissal of her action in Crawford County, Ohio, after the instant case was filed is sufficient to invoke the provisions of the above-quoted statute. It is not.

The posture of Ohio law indicates that a voluntary dismissal is not the equivalent of a "fail[ure] otherwise than upon the merits." The present statute has been a part of Ohio law for nearly one hundred years in one form or another.

The early case of Siegfried v. Railroad Company, 50 Ohio St. 294, 34 N.E. 331 (1893), specifically held that under Revised Statutes § 4991 (predecessor of Ohio Revised Code § 2305.19) a voluntary dismissal of a previous action did not "fail" within the general meaning of that term. In *Siegfried,* the plaintiff commenced a suit against the defendant Railroad to recover for injuries allegedly sustained by virtue of its negligence. The cause of action was dismissed by the plaintiff "without prejudice to a future action, and judgment [was] rendered against the plaintiff for costs." 50 Ohio St., at 294, 34 N.E., at 331. On the day after that action was dismissed (some four years after plaintiff's cause of action arose) the plaintiff refiled the same action in another court. The Ohio Supreme Court stated that:

"The precise question in the case is, therefore, did the plaintiff fail in his first action, within the purview of the section of the statute above quoted [Revised Statutes § 4991]. If he did not, the action below was barred; but if he did, it was not barred, for it was commenced the next day after the dismissal of the first action. We think the plaintiff, by the voluntary dismissal of his action, did not so fail; and his second action, the action below, was therefore barred. To fail, implies an effort or purpose to succeed. One cannot, properly, be said to fail in anything he does not undertake, nor, in an undertaking which he voluntarily abandons." 50 Ohio St., at 296, 34 N.E., at 332.

This holding has been followed in Ohio courts to this day. See Buehrer v. Provident Mutual Life Ins. Co., 123 Ohio St. 264, 175 N.E. 25 (1931) (under predecessor General Code § 11233); Oldham v. Winget, 47 Ohio App. 287, 191 N.E. 824 (C.A. Shelby Co. 1933) (under predecessor General Code § 11233); Stone v. Siegel, 17 Ohio Supp. 131, 32 Ohio Op. 411 (C.P. Cuyahoga Co. 1945) (under predecessor General Code § 10509–169); Grzywna v. Youngstown Municipal Ry. Co., 50 Ohio L.Abs. 565,

80 N.E.2d 438 (C.A. Mahoning Co. 1947) (under predecessor General Code § 11233); Beckner v. Stover, 18 Ohio St. 2d 36, 247 N.E.2d 300 (1969); Howard v. Allen, 28 Ohio App.2d 275, 277 N.E.2d 239 (C.A. Franklin Co. 1971).

Further, the recent case of Brookman v. Northern Trading Co., 33 Ohio App. 2d 250, 294 N.E.2d 912 (C.A. Franklin Co. 1972), lends credence to defendant's position in the light of the terms of Rule 41(A)(1), Ohio R.Civ.P., providing for voluntary dismissal.

## IV.

In relation to the above-discussed provisions of Section 2305.19, Ohio Revised Code, it is also important to note that the instant action was commenced after the Crawford County lawsuit was filed, but before it was dismissed. Clearly, the provision to be construed in this case is the one requiring that the new action must be commenced "within one year *after*" the original action is dismissed. Ohio Revised Code § 2305.19.

As the defendant conjectures in its brief in support of this motion,

> "C 70–24 was at that time [the time it was filed] barred by the Statute of Limitations. There is no reason in law or logic to believe that the subsequent dismissal of the Crawford County lawsuit should retroactively change the status of the pending action C 70–24."

Moreover, at least one Ohio court agrees with the defendant's position in this regard. Cf. Colello v. Bates, 88 Ohio App. 373, 100 N.E.2d 258 (C.A. Jefferson Co. 1950) (under predecessor General Code § 11233).

■ Assuming arguendo that plaintiff did "fail" within the purview of Ohio Revised Code § 2305.19, since she did not file this action within one year "after" the Crawford County lawsuit was dismissed she cannot avail herself of this statute.

Thus it must be stated unequivocally that this action could not be said to be saved by the provisions of Ohio Revised Code § 2305.19 if it were brought in a State court in Ohio—nor may it be so saved here.

## V.

■ In her brief in opposition to defendant's motion plaintiff has attacked the thrust of the defendant's third argument, which contends that the Ohio statute of limitations is not tolled in this Federal Court by the mere filing of this same case in a State Court within the time provided by law. Plaintiff asserts that this case is "a continuation" of the Crawford County lawsuit hereinbefore mentioned and that the statute of limitations was tolled on June 21, 1967 by the filing of that action.

It is then averred that:

> "We have found no cases directly on this point or discussing the exact point in the short time we have had to draw this Brief. However, by reason and logic we say that this is a valid issue which could end the present controversy."

Plaintiff then engages in a lengthy discourse upon the philosophical implications of the term "toll." It is contended that the cases cited by the defendant in its brief in support of the assertion that the running of a State statute of limitations against an action in Federal Court is not tolled by the commencement of an action in State Court are distinguishable from the factual situation here.

The plaintiff's arguments notwithstanding, there is no continuity between this lawsuit and the Crawford County lawsuit, nor is this case a continuation of the Crawford County case. In support of her continuity theory plaintiff seems to rely heavily upon the following facts: that the same parties and subject matter are involved in both the State Court action and this Federal action and both actions were pending at the same time and the State action was timely filed. Indeed, plaintiff premises her entire argument upon this bald assertion.

Directly, the cases cited by defendant belie this assumption. See Brown v.

Lamb, 134 U.S.App.D.C. 314, 414 F.2d 1210 (1969); Kington v. United States, 396 F.2d 9 (6th Cir. 1968); Falsetti v. Local Union No. 2026, 355 F.2d 658 (3rd Cir. 1966); Bomer v. Ribicoff, 304 F.2d 427 (6th Cir. 1962); Humphreys v. United States, 272 F.2d 411 (9th Cir. 1959).

By indirection, the cases cited by this Court in Sections III and IV of this opinion also seem to oppose this theory of plaintiff.

There appears to be little written as to the rationale for this result and this Court can only venture an educated guess. At the time this country was in its infancy, many historians tell us, there raged a great debate as to how much power would be granted to the Federal Government and how much would be reserved to the several States. The Federal jurisprudential system was constituted by Article III of the United States Constitution, and the laws enacted by Congress pursuant thereto, to deal with those matters of national concern, i. e., constitutional questions, Federal statutory questions, and those questions which arise from the diversity of citizenship of various persons both natural and artificial. Moreover, Amendment X of the United States Constitution provides that:

> "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

The courts of the State of Ohio, on the other hand, were constituted by the State pursuant to this reserved power and are thereby creations of the State and not the Federal Government.

The Common Pleas Court for Crawford County, Ohio derives its judicial power from Article IV, § 1 of the Ohio Constitution and the laws enacted pursuant thereto. Thus there is no continuity between a case filed in the Crawford County, Ohio Court of Common Pleas and a similar case filed in this Court "because they are entirely independent in their sphere of action." Weber v. Lee County, 73 U.S. (6 Wall.) 210, 213, 18 L.Ed. 781 (1867). Lawsuits which are filed in State Courts and also filed in this Court are new actions in all cases, unless there is a specific statutory provision which would make the Federal case "a continuation" of the State Court case, i. e., a removal. To hold that this case is "a continuation" of the State Court action would appear to be directly contrary to the principles of federalism which are the bedrock upon which this country is built.

The very purpose of the doctrine espoused by the Supreme Court of the United States in the landmark case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and the line of cases which followed it, was to avoid the problems of forum shopping when non-resident defendants were involved in diversity actions. To follow plaintiff's argument would be tantamount to allowing this plaintiff to enlarge the limitations period in Ohio to an extent not permitted by the State Courts by filing in a forum of competent jurisdiction and then allowing her to refile the same action in this Court because her attorneys might prefer Federal practice and procedure, or perhaps might feel that the judgment she would receive would be greater than that received in the State Court. This Court obviously is not in the position to attempt to second-guess the motives for filing this case in this Court after jurisdiction was acquired in the Crawford County Common Pleas Court; it is, however, in a position to hold that this case is not "a continuation" of that case when it obviously is not.

In the instant case, the action in Crawford County was timely filed, while the one in this Court was not. It is not the purpose of this Court to deprive plaintiff of her day in court; it is rather to assure that this defendant and those who may be in the same situation in the future are not prejudiced and financially burdened by a requirement which would subject them to two suits,

in two courts, when obviously a time bar attached to the second action.

## VI.

█ It is further the position of plaintiff that since defendant did not plead the statute of limitations at the earliest possible opportunity but, rather, waited until plaintiff had dismissed her State Court proceeding, it waived its right to set up the bar and is now estopped to assert the defense. In her conclusion, plaintiff advocates striking the defense of the statute of limitations in defendant's answer and avers that:

"This judgment, in effect, would reverse the former order of the Court allowing Leave to Amend to Ford, but the last mentioned order was not a final judgment, is subject to being expunged by this Court and does substantial justice to the parties."

Plaintiff places considerable reliance upon the fact that the amendment of the answer should not be sustained when it will work substantial prejudice to the plaintiff. This of course is a principle that is firmly imbedded in the doctrine of amendment. For the purpose of this motion, the records must of necessity be examined by the Court.

These records show that the complaint in this case was filed on January 9, 1970, and that on September 21, 1970, the defendant entered its appearance by way of answer, meeting the general averments of the complaint and raising, by way of special defense, the matter of contributory negligence. On June 15, 1972, the defendant, through its attorneys, moved to amend its answer to the complaint to set forth the defense of the statute of limitations. The affidavit in support thereof indicated that this amendment was sought because of excusable neglect.

On August 16, 1972, plaintiff responded to defendant's motion by arguing that:

"All of the facts now known relating to those issues were known to Ford prior to the filing of the Answers. The absence of the defense relating to contributory negligence and the defense relating to the statute of limitations is not 'excusable negligence' as used in Rule 6(b)(2). It was a deliberate choice of counsel."

The docket sheet in the above-entitled action indicates that copies of the order granting defendant leave to file its amended answer were mailed to Attorneys Dolan, Sears and Gallagher, such order having been filed on September 22, 1972. This amended answer was subsequently filed on September 22, 1972.

It is to be noted that on August 16, 1972, plaintiff moved to file an amended complaint with the Court and this motion was sustained and the amended complaint was filed on October 5, 1972.

Thereafter, on November 10, 1972, defendant filed its answer to the amended complaint, once again meeting the general and special averments of this amended complaint and raising the special defenses of contributory negligence and statute of limitations.

Averring that her attorneys in Bucyrus, Ohio did not receive a copy of the answer of defendant, even though her Cleveland, Ohio counsel did receive such an answer, plaintiff filed a motion to file a reply to the defendant's answer to the amended complaint on April 18, 1973. Leave to file was granted and the reply was filed on April 18, 1973.

It appears that the ability to file an amended answer was fully litigated in this Court before the order granting amendment was journalized. Representation of both plaintiff and defendant in this matter is evident from the record. Moreover, as previously implied, the plaintiff at no time argued that she would be prejudiced by the granting of such leave.

Initially, it is well settled that the judicial act of granting leave to amend is discretionary in nature. Wright & Miller,

6 Federal Practice & Procedure § 1484. It is stated that:

"The district court must exercise its discretion and is required to allow amendments freely, whether the request to amend is made independently or in response to a motion to dismiss, unless refusal is placed upon some valid ground.

"The more common reasons for denying leave to amend are that the amendment will result in undue prejudice to the other party, is unduly delayed, is not offered in good faith, or that the party has had sufficient opportunity to state a claim and has failed." 3 Moore's Federal Practice ¶ 15.08 [4], pp. 895–900. [Footnotes omitted.]

No amendment can be viewed solely in the light of the factor of prejudice. Taking all of the surrounding factual circumstances into consideration, the amendment was allowed.

When the defendant's motion for leave to amend was filed this Court, in its sound discretion, determined from all of the facts then available to it that the amendment should be granted. At that time plaintiff was apparently operating under the assumption that the provisions of Ohio Revised Code § 2305.19 would be applicable to the instant action. Now that it has been shown that this section does not apply to the cause of action attempted to be set forth by the plaintiff, she petitions to strike the paragraph of defendant's answer which avers that the action was time barred. It was within the sound discretion of this Court to grant defendant leave to amend.

The length of time which the plaintiff waited to apprise this Court of the issue of waiver in connection with her motion to strike has indeed entered into the decision not to reconsider this former order granting leave to amend. However, the defendant would seem to have little recourse for such a reconsideration, except by appeal. The plaintiff has other remedies for this type of a problem.

Further, it would seem worthy of note to point out another matter which has been raised by the defendant. As previously indicated, plaintiff moved for leave to amend her complaint after amendment of the answer had been allowed. The amendment related to the subject matter attempted to be set forth in the original action and involved the same parties. It therefore related back to the original complaint. Defendant's answer to this amended complaint attacked the merits of the amended complaint and it, too, related back to the time of the filing of the original answer and served to take its place. Plaintiff contends, on one hand, that she should be allowed to amend her cause of action and have it relate back to the time of the original action. But, on the other hand, she advocates that the defendant's answer to this new complaint should not be accorded the same privilege. In support of this assertion she cites the case of Faith v. Texaco, Inc., 48 F.R.D. 118 (W.D.Mich.1969), which denied the defendant leave to raise the issue of the statute of limitations in an answer to an amended complaint filed one week before trial and four years after the action was commenced. For reasons which become apparent upon a reading of that case, this Court does not believe that it should control in this action. Faith involved an amendment of a complaint to present a clear and concise statement of the issues of fact in the case. This case involves amendment to state a claim for punitive damages against the defendant. Faith, further, involved defendants who let the plaintiff proceed with discovery for a period of approximately four years, until the eve of trial, before asserting that there was a time bar. The fact that the corporations involved as party defendants in both actions are multimillion dollar operations is the only similarity between these two cases. Plaintiff Hayden's attorneys were placed on notice of this defense on June 15, 1972, but failed to move until the motion to dismiss which is presently under consideration was filed.

Our system of justice functions for both the plaintiff and defendant and this Court will not attempt to fashion one rule of law for the plaintiff and a wholly inconsistent rule of law for the defendant.

It is therefore ordered that the plaintiff's motion to strike the defense of the statute of limitations is hereby overruled; and

It is further ordered that the motion of defendant to dismiss this action pursuant to Rule 12(c), Fed.R.Civ.P., is sustained.