BECKNER, APPELLANT, *v.* STOVER ET AL., APPELLEES.

(No. 8711—Decided March 19, 1968.)

*Messrs. Lancione & Lancione,* for appellant.
*Messrs. Wiles, Doucher, Tressler, Martin & Ford,* for appellees.

DUFFEY, P. J.   This is an appeal from an order of the Common Pleas Court of Franklin County dismissing appellant's petition.

The petition as originally filed alleged in part as follows:

"That this cause of action was initially filed in this court on May 23, 1964, being case no. 220368, and was dismissed without prejudice at plaintiff's request on November 10, 1966."

Prior to the order of dismissal, appellant filed an amended petition which alleged in part as follows:

"That this cause of action was initially filed in this

court on May 23, 1964, being case no. 220368, and was dismissed without prejudice at plaintiff's request on November 10, 1966; that said dismissal was attributable to certain adverse rulings by the trial court, and this action has been instituted within one year thereof."

Appellees filed a motion to dismiss. Service of process does not affect this case, and the motion is the equivalent of a special demurrer. See *Wentz* v. *Richardson* (1956), 165 Ohio St. 558, especially at 560-561. Accordingly, the case was before the trial court and is before this court solely upon the allegations in the pleadings.

The standard statute of limitations requires that a personal injury action be brought within two years. The petition here shows on its face that more than two years had expired. However, Section 2305.19, Revised Code, provides an additional period of time "if the plaintiff fails otherwise than upon the merits." The issue is thus whether the allegations of the pleadings show that plaintiff so failed.

If presented as a question of first impression, this court would consider that a voluntary dismissal qualified under the special statute.

In *Siegfried* v. *Railroad Co.* (1893), 50 Ohio St. 294, the Supreme Court found that a voluntary dismissal before trial did not come within the savings statute. The court construed the word "fails" narrowly. The court stated: "* * * To fail, implies an effort or purpose to succeed. One cannot, properly, be said to fail in anything he does not undertake, nor, in an undertaking which he voluntarily abandons. * * * A dismissal by the plaintiff, involves no action of the court; it is a voluntary withdrawal of his case, and is not a failure in the action."

On the general meaning of "failure," compare the definition in Webster's Third New International Dictionary (Unabridged).

In *Cero Realty Corp.* v. *American Manufacturers Mutl. Ins. Co.* (1960), 171 Ohio St. 82, the plaintiff also entered a voluntary dismissal before trial, but after the sustaining of a demurrer. The court held this to qualify as a cause which "fails otherwise than upon the merits."

Under *Cero* the mere fact that the dismissal was by the plaintiff pursuant to Section 2323.05 (A), Revised Code, does not necessarily preclude it being one which "fails" as opposed to a "voluntary withdrawal" as found in *Siegfried.* Since the original petition did not allege the circumstances of the dismissal, there was no basis for the court to apply *Siegfried.* Further, the amended petition clearly alleges "adverse rulings" by the court as the reason for the dismissal. Such an allegation is squarely within the distinction suggested by *Cero.*

The court in *Cero* quoted with approval from 86 A. L. R. 1051 to the effect that a distinction between involuntary and voluntary nonsuit "has been held almost without exception" to be too narrow. An exception is the *Siegfried* case. In our opinion, *Siegfried* is no longer the law of Ohio. Any voluntary nonsuit or dismissal under Section 2323.05 (A), Revised Code, qualifies an action as one which "fails" within the meaning of Section 2305.19, Revised Code.

The order of the Common Pleas Court will be reversed and the cause remanded for further proceedings.

*Judgment reversed.*

TROOP and DUFFY, JJ., concur.