BECKNER, APPELLEE, *v.* STOVER ET AL., APPELLANTS.

(No. 68-348—Decided April 30, 1969.)

*Mr. Nelson Lancione,* for appellee.
*Messrs. Wiles, Doucher, Tressler, Martin & Ford* and
*Mr. Paul Martin,* for appellant.

HERBERT, J. During oral argument on the merits of this appeal, both parties agreed that the sole question to be determined is whether a plaintiff's voluntary dismissal without prejudice of his cause in response to any adverse ruling of the trial court may be classified as a failure otherwise than upon the merits within the meaning of Section 2305.19, Revised Code. The pertinent portions of that section provide:

"In an action commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date."

This question was settled long ago in the case of *Seigfreid* v. *Rd. Co.* (1893), 50 Ohio St. 294, 34 N. E. 331. The syllabus in that case states:

"Where an action which has been commenced in due time, is dismissed by the plaintiff after the time limited for the commencement of such action has expired, a new action for the same cause, thereafter commenced, is barred, though commenced within one year after the dismissal of the former action. Such dismissal is not a failure in the action, within the purview of Section 4991, of the Revised Statutes [Section 2305.19, Revised Code]."

Attention is also directed to *Buehrer* v. *Provident Mutual Life Ins. Co.* (1931), 123 Ohio St. 264, 175 N. E. 25, wherein the same rule of law appears in the third paragraph of the syllabus.

The Court of Appeals agreed with plaintiff's assertion that the case of *Cero Realty Corp.* v. *American Mfgrs. Mutual Ins. Co.* (1960), 171 Ohio St. 82, 167 N. E. 2d 774, abrogated the *Seigfreid* and *Buehrer* holdings, and ruled that "any voluntary nonsuit or dismissal of a case before judgment * * * qualifies as a case which 'fails otherwise than upon the merits' within the special savings statute, Section 2305.19, Revised Code." 13 Ohio App. 2d 222.

The conclusion in this respect comes from reasoning that since language in the opinion of the *Cero* case employed the words "adverse rulings," in its description

of when a voluntary dismissal without prejudice is a failure otherwise than upon the merits, any and all rulings adverse to the plaintiff will bring such a dismissal within the saving provisions of Section 2305.19. Such a total abandonment of the *Seigfreid* and *Buehrer* holdings was not intended in *Cero,* as can be seen by the following language from pages 85-86 of the opinion in that case:

"It will be noted that in both the *Seigfreid* and *Buehrer* cases, *supra,* the actions were *voluntarily* dismissed, and that such dismissals were not attributable to any adverse rulings by the court, as here. Consequently, the *Seigfreid* and *Buehrer* cases are distinguishable from the instant ones in such respect."

Further evidence of the application of the *Cero* decision is found in the third paragraph of the syllabus:

"Where, after an action has been timely commenced, the trial court *sustains a demurrer* to an amended petition on the ground of misjoinder of parties defendant, and plaintiff then dismisses the same without prejudice, he has failed 'otherwise than upon the merits,' and he may invoke the saving provisions of Section 2305.19, Revised Code, and start another action within one year of the dismissal of such amended petition. (*Seigfreid* v. *Rd. Co.,* 50 Ohio St. 294, and *Buehrer* v. *Provident Mutual Life Ins. Co.,* 123 Ohio St. 264, *distinguished.*)" ( Emphasis added.)

The "adverse rulings" referred to in *Cero* were the sustaining of two successive demurrers to the plaintiff's petitions. Plaintiff there was placed in the position of having to plead over a third time or suffer the entry of judgment against it. It was faced with the necessity of tailoring critical elements of its petition to fit the views of the trial court. Rights can be irretrievably lost by a plaintiff who so tailors his petition. To describe a dismissal without prejudice in the face of such an alternative as "voluntary" practically amounts to a misnomer. On the other hand, a trial court is accorded necessary authority to require parties to tailor their conduct of the trial to fit that court's opinion of judicatory decorum. Even though a court may commit serious error in executing its authority

in this regard, the plaintiff has had the opportunity to present his cause upon such merits as he chooses and may appeal any errors resulting from a judicial mishandling of the manner or extent of such presentation. In short, the *Cero* case did not renounce the basic thrust of *Seigfreid*, which was that "a failure in the action, by the plaintiff, otherwise than upon the merits, imports some action by the court, by which the plaintiff is defeated *without a trial upon the merits.*" (Emphasis added.) *Seigfreid, supra* at 296. To hold otherwise would be to establish a rule whereby litigants could substitute a voluntary dismissal without prejudice for an appeal from claimed errors occurring during a trial. Under such a practice, parties could try and retry their causes indefinitely until the most favorable circumstances for submission were finally achieved. In our opinion, Section 2305.19, neither provides for nor permits such a practice.

It should be pointed out that we are not here concerned with Section 2323.05 (A), Revised Code, which clearly grants a plaintiff authority to dismiss his action without prejudice at any time prior to its final submission to the jury or court. However, the prosecution of new proceedings on a cause so dismissed is governed by the applicable statute of limitations and may be barred thereby except under the circumstances heretofore discussed.

The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and DUNCAN, JJ., concur.