BROOKMAN, APPELLANT, *v.* NORTHERN TRADING CO., APPELLEE.

[Cite as Brookman v. Northern Trading Co. (1972), 33 Ohio App. 2d 250.]

(No. 72AP-223—Decided November 21, 1972.)

*Messrs. Barkan, Barkan & Neff,* for appellant.
*Messrs. Wright, Harlor, Morris & Arnold,* for appellee.

TROOP, P. J. This appeal is from the judgment of the Common Pleas Court of Franklin County entered June 15, 1972. Incorporated in the entry is the order of the court which dismissed the plaintiff's complaint upon a motion of the defendant, and as well, the "decision" of the court upon which the order was predicated. The court indicates that the motion of the defendant asking dismissal of the plaintiff's complaint was "on the ground" that

"this action was not brought within the time limited by law for the commencement of actions to recover damages for personal injury." The trial court further explains its position by reference to a procedural step in a prior case, to wit:

"Plaintiff voluntarily dismissed a previous case, No. 234064, two days before trial. Such a voluntary dismissal is not a failure 'otherwise than upon the merits,' within the meaning of the savings statute, R. C. Section 2305.19. * * *"

The plaintiff-appellant, Robert Brookman, elects not to bottom his appeal on an assignment of error, but, rather, uses phraseology which he titles "Statement of Issues." Such statement is an elaboration of the appellant's contention that the trial court erred in dismissing his complaint upon the basis assigned. The nub of the matter is, however, that which counsel chooses to call, at one point, the "inter-relationship," and, at another, the "confusion," between R. C. 2305.19, frequently called the savings statute, and Civ. R. 41 (A) (1). The pertinent language of R. C. 2305.19 is as follows:

"In an action commenced, or attempted to be commenced * * * or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *"

The pertinent portion of Civil Rule 41 (A) (1) is as follows:

"* * * an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial * * *. Unless otherwise stated in the notice of dismissal * * * the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim."

An examination of the file of the Common Pleas Court in case No. 234064 indicates that Robert Brookman filed his complaint in that court on June 7, 1968. The complaint,

including the prayer, is essentially the same as the one filed in the cause presently here for review.

Ordinary procedural steps were taken in the first action filed, including pretrial, the setting of the cause for trial, and the continuation of the hearing date because of the illness of each of two witnesses, one for the plaintiff and one for the defendant. The case was rescheduled for hearing on January 12, 1972, and two days prior thereto, on January 10, 1972, the plaintiff filed a notice which reads as follows:

"Now comes the plaintiff herein and pursuant to Civil Rule 41(A)(1), voluntarily dismisses the within case without prejudice."

The cause was refiled April 5, 1972, as noted and, upon a motion of the defendant, dismissed. The order of the court is the subject of this appeal.

Counsel for the appellant take the position that the voluntary dismissal in the instant case, being the first one filed by the plaintiff in the trial court, is totally without prejudice and, under Civ. R. 41(A)(1), carries an immunity from the possible operation of R. C. 2305.19, as interpreted and applied by Ohio courts. Counsel urge that there is an existing conflict between the statute and the rule which the Ohio Constitution, Article IV, Section 5 (B), resolves by the included language; *i. e.*, "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

If it were clearly and unmistakably certain that Civ. R. 41 (A) (1) was in conflict with R. C. 2305.19, this discussion could be abruptly concluded. Such authority and assistance as is available does not, however, indicate that the rule might be intended to directly limit the operation of the statute now being challenged.

The decision of the Ohio Supreme Court in *Beckner* v. *Stover* (1969), 18 Ohio St. 2d 36, deserves rather careful attention. The opinion, written by Justice Herbert, deals primarily with problems arising under R. C. 2305.19 and includes reference to, quotes from, and comparisons with the former and classic decisions of the court dealing with

the application of the section. The cases cited by the court are *Seigfreid* v. *Rd. Co.* (1893), 50 Ohio St. 294, *Buehrer* v. *Provident Mutual Life Ins. Co.* (1931), 123 Ohio St. 264, and *Cero Realty Corp.* v. *American Mfgrs. Mutual Ins. Co.* (1960), 171 Ohio St. 82. The incidental observations of the court are also important. At page 40, the court speaks concerning two of the decisions reviewed by it, as follows:

"* * * In short, the *Cero* case did not renounce the basic thrust of *Seigfreid,* which was that 'a failure in the action, by the plaintiff, otherwise than upon the merits, imports some action by the court, by which the plaintiff is defeated *without a trial upon the merits.*' * * * *Seigfreid, supra,* at 296. To hold otherwise would be to establish a rule whereby litigants could substitute a voluntary dismissal without prejudice for an appeal from claimed errors occurring during a trial. Under such a practice, parties could try and retry their causes indefinitely until the most favorable circumstances for submission were finally achieved. In our opinion, Section 2305.19, neither provides for nor permits such a practice."

This pronouncement gives rise to the syllabus which reads as follows:

"A plaintiff has not 'failed otherwise than upon the merits,' within the meaning of Section 2305.19, Revised Code, where he has voluntarily dismissed his timely commenced action without prejudice in response to adverse rulings of the trial court, unless those rulings will prevent a trial of the cause upon its merits. * * *"

If R. C. 2305.19 were in fact a statute specifically dealing with the matter of voluntary dismissals, or to which incidental reference might be found, it might be better argued that Civ. R. 41 (A) (1) was directed specifically to it. Such is not the fact, however, and such particular fact becomes more significant when attention is directed to R. C. 2323.05 which provides that an action may be dismissed without prejudice as to a future action:

"(A) By the plaintiff, before its final submission to the jury, or to the court, when the trial is by the court * * *"

Again, an incidental reference by Justice Herbert in *Beckner*, at page 40, states, concerning R. C. 2323.05(A), as follows:

"* * * Section 2323.05 (A), Revised Code * * * clearly grants a plaintiff authority to dismiss his action without prejudice at any time prior to its final submission to the jury or court. However, the prosecution of new proceedings on a cause so dismissed is governed by the applicable statute of limitations and may be barred thereby except under the circumstances heretofore discussed."

It would appear more strongly that the intention of the framers of Civ. R. 41 (A) (1) was to limit the possibility of continuing voluntary dismissals possible under R. C. 2323.05, rather than to authorize one voluntary dismissal under R. C. 2305.19, which section speaks only of a dismissal by the plaintiff in the presence of a failure "otherwise than upon the merits."

Reference is to a staff note concerning Rule 41. At the bottom of page 183 of Page's Revised Code Civil Rules, we find a comment which indicates that staff members were not totally clear with respect to the broad effect of the rule with which we are concerned. The staff note, beginning the last paragraph on the page, reads as follows:

"Rule 41 (A) (1) and voluntary dismissal without prejudice by plaintiff without a court order before commencement of trial may be limited by court interpretation of the 'savings statute,' §2305.19, R. C. The statute provides for recommencement of the action within one year 'if the plaintiff fails otherwise than upon the merits.' If plaintiff voluntarily dismisses without a court order under Rule 41 (A) (1) after the applicable statute of limitations has run for his particular action, has he failed otherwise than on the merits and may he file over again under the 'savings statute'? The answer is not clear; hence plaintiff would be taking a dangerous chance. * * *"

The staff note referred to the decision in *Cero, supra.*

Following the staff notes are footnotes, at page 185, and a section entitled "Statutes Affected," which states:

"Civil Rule 41 supersedes R. C. §§2323.04 through 2323.06."

The *Beckner* decision was issued in 1969, which indicates of course that the court did not take into account the Ohio Rules of Civil Procedure which were effective July 1, 1970. It is noteworthy, however, that the rules were subjected to amendment, the changes having become effective July 1, 1971. Minor changes were made in Rule 41 and no clarification as to its applicability to R. C. 2305.19 was made. At the time of revision the Supreme Court had the *Beckner* decision before it. Other amendments to the rules were provided and made effective July 1, 1972, and again no basic changes appear in Rule 41.

Much more significant to this discussion is the passage of Amended House Bill 1201, effective July 1, 1971. (See 133 Ohio Laws 3017.) A large number of statutes were repealed which were found to be in conflict with the Rules of Civil Procedure effective July 1, 1970, among which was R. C. 2323.05. Amended House Bill 1201 states, at pages 3020 and 3021, that the civil rules are *prima facie* evidence that the sections to be repealed are in conflict with the rules "and shall have no further force or effect":

"* * * unless a court shall determine that one of such sections, or some part thereof, has clearly not been superseded by such rules and that in the absence of such section or part thereof being effective, there would be no applicable standard of procedure prescribed by either statutory law or rule of court. The failure to repeal or amend any other section establishes no evidence concerning its conflict with such rules."

In the supplement to Page's Volume 23, under R. C. 2323.05, there is reference to the note under R. C. 2323.01, in which the above quote is noted. The annotators add, also, the following notation: "R. C. 2323.05 conflicts with Civil Rule 41 (A)." It must be emphasized that R. C. 2305.-19 was not repealed by Amended House Bill 1201.

This court gave attention to the matter of the "savings clause" of R. C. 2305.19 in *Howard* v. *Allen* (1971), 28 Ohio App. 2d 275, where the major attention was directed to an entirely different matter prompting a review of the applicability of the savings clause. This court had the *Beckner* decision before it. The comment of this court,

at page 279, while only incidental to our problem, is at least suggestive. The court said:

"It might be noted that some distinction must be made in regard to a failure upon the merits or otherwise than upon the merits with regard to the applicability of R. C 2305.19 and the applicability of the doctrine of *res judicata*. For example, a voluntary dismissal is not a failure otherwise than upon the merits within the meaning of R. C. 2305.-19. * * *"

This court relied upon the syllabus rule in *Beckner* in support of its attitude toward failure otherwise than upon the merits.

No decision has been called to the attention of this court, nor has one been discovered, holding that R. C. 2305.-19 has been superseded by Rule 41 (A) (1) or any other rule of procedure.

This court is of the opinion that Civil Rule 41 (A) (1) supplants R. C. 2323.05, and that neither it, nor any other rule, creates relief from decision applications of the rule in R. C. 2305.19, and we so hold, and will until the Supreme Court speaks by way of decision or amended rule. Therefore, this court orders that the judgment and order of the trial court be affirmed and this appeal dismissed at appellant's costs.

*Judgment affirmed.*

STRAUSBAUGH and HOLMES, JJ., concur.