MANOS, APPELLANT, *v.* JACKSON ET AL., APPELLEES.

(No. 7330—Decided April 3, 1974.)

*Messrs. Cherpas, Manos & Syracopoulos,* for appellant.

*Mr. James R. Hinton,* for appellees.

MAHONEY, J. The plaintiff (appellant), Emanuel J. Manos, was injured in an automobile collision on July 16, 1970. He commenced a personal injury action against the defendants (appellees), John C. Jackson, and Botzum Brothers Company, on November 20, 1970. That action was dismissed by the Summit County Court of Common Pleas, with the following journal entry, filed May 2, 1973:

"Upon plaintiff's motion, the within cause of action is dismissed by the plaintiff without prejudice and otherwise than upon the merits, at plaintiff's costs."

Thereafter, on July 13, 1973, the plaintiff commenced this action in the same court, alleging essentially the same claims set forth in the complaint that was dismissed. The defendants moved to dismiss the complaint on the ground that the statute of limitations had expired.

The plaintiff answered the motion, arguing that he had a right to one dismissal, without prejudice, under

Civ. R. 41(A), and that the dismissal of the former complaint was a "failure otherwise than upon the merits," under R. C. 2305.19 (the "savings statute").

The trial court granted the defendants' motion, and, from that judgment, the plaintiff has appealed to this court. He asserts two assignments of error, which may be considered as one; namely, that the trial court erred in granting defendants' motion to dismiss.

The thrust of plaintiff's argument is that Civ. R. 41 (A), in effect, changes the interpretation that should be placed upon R. C. 2305.19, in that a voluntary dismissal should be considered as being "a failure otherwise than upon the merits." He further says that the trial court's holding favors a dilatory plaintiff, who waits until his case is dismissed for want of prosecution, as opposed to a plaintiff who voluntarily dismisses his case to clear the court's docket.

Prior to the adoption of the Civil Rules on July 1, 1970, a body of case law developed which held that voluntary dismissals were an abandonment and not a "failure" under R . C. 2305.19, and, therefore, the action could not be refiled. The cases held that the "savings statute" imports some adverse ruling by the court which defeats the plaintiff, other than upon the merits. *Siegfried* v. *Railroad Co.* (1893), 50 Ohio St. 294 and *Buehrer* v. *Provident Mutual Life Ins. Co.* (1931), 123 Ohio St. 264.

In *Cero Realty Corp.* v. *American Manufacturers Mutual Ins. Co.* (1960), 171 Ohio St. 82, the court held that the sustaining of a demurrer for misjoinder of parties was the suffering of a defeat in a procedural matter and, as such, constituted a failure other than upon the merits, even though the plaintiff voluntarily dismissed his action.

In *Beckner* v. *Stover* (1969), 18 Ohio St. 2d 36, the court reviewed a case in which the trial court dismissed, without prejudice, an action that was then in trial, upon the motion of the plaintiff before the close of his case, and after some adverse rulings by the trial court prohibiting the recall of a witness for cross-examination. The court explained and distinguished *Cero* from *Siegfried* and *Buehrer* by

holding that the required "adverse rulings" must be such as would prevent a trial of the cause upon its merits. *Cero* involved one adverse ruling, whereas *Siegfried* and *Buehrer* were totally voluntary. The court said: "To hold otherwise would be to establish a rule whereby litigants could substitute a voluntary dismissal without prejudice for an appeal from claimed errors occurring during a trial."

The court, in its ruling in *Beckner,* was cognizant of R. C. 2323.05(A), which permitted a plaintiff to dismiss an action, without prejudice, at any time prior to its submission to the court or jury, but said that prosecution of any new proceeding was governed by applicable statutes of limitations.

One year after the adoption of the Civil Rules, R. C. 2323.05 was repealed, but R. C. 2305.19 was not repealed. The only decision that has been called to our attention concerning this issue, since the adoption of the Civil Rules, is in the case of *Brookman* v. *Northern Trading Co.* (1972), 33 Ohio App. 2d 250, wherein our colleagues on the Tenth District Court of Appeals said, at page 256:

"No decision has been called to the attention of this court, nor has one been discovered, holding that R. C. 2305.-19 has been superseded by Rule 41(A) (1) or any other rule of procedure.

"This court is of the opinion that Civil Rule 41(A) (1) supplants R. C. 2323.05, and that neither it, nor any other rule, creates relief from decision applications of the rule in R. C. 2305.19, and we so hold, and will until the Supreme Court speaks by way of decision or amended rule. Therefore, this court orders that the judgment and order of the trial court be affirmed and this appeal dismissed at appellant's costs."

We concur in that opinion.

We find no error prejudicial to any substantial right of the plaintiff (appellant), and, therefore, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

BRENNEMAN, P. J., and VICTOR, J., concur.