Lee Shawn P. Brown, pro se.

———

THE STATE EX REL. BENBOW, APPELLANT, *v.* RUNYAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Benbow v. Runyan,*
99 Ohio St.3d 410, 2003-Ohio-4127.]

(No. 2003–0549—Submitted July 22, 2003—Decided August 20, 2003.)

———

**Per Curiam.**

{¶ 1} Appellant, Brian W. Benbow, was the attorney for Allstate Insurance Company in a case filed in the Ashland County Court of Common Pleas against Hydromatic Pumps Corporation. Appellee, Judge Jeffrey L. Runyan, presided over the case.

{¶ 2} On January 28, 2003, during the first day of the jury trial, Judge Runyan stated that he intended to find Benbow in contempt of court for his misconduct in front of the jury. According to Benbow's complaint, on January 31, 2003, after he appeared late for the second day of the trial, Judge Runyan advised him that

———

he could purge his direct contempt by paying a fine of $500. Judge Runyan further advised Benbow that if he did not pay the fine, the contempt would not be purged and he would be assessed additional penalties.

{¶ 3} That same day, the jury returned a verdict in favor of Hydromatic Pumps Corporation. Judge Runyan entered a judgment in accordance with the judgment and dismissed Allstate's complaint with prejudice.

{¶ 4} On February 13, 2003, after Benbow failed to pay the $500 fine, Judge Runyan issued a citation finding him in contempt and ordering him to appear for a show-cause hearing on March 10.

{¶ 5} On March 5, 2003, Benbow filed a complaint in the Court of Appeals for Ashland County for a writ of prohibition to prevent Judge Runyan from exercising any further jurisdiction in the underlying case. On March 14, 2003, the court of appeals sua sponte dismissed Benbow's prohibition complaint. The court of appeals determined that Benbow had an adequate remedy at law by way of appeal. On March 18, 2003, Judge Runyan found Benbow in contempt of court for his conduct at trial and for failing to appear at the March 10 show-cause hearing and fined him a total of $1,500.

{¶ 6} In his appeal as of right, Benbow claims entitlement to a writ of prohibition because after Judge Runyan dismissed the case, he patently and unambiguously lacked jurisdiction to proceed further on the contempt matter. "It is certainly true that, in general, when a trial court unconditionally dismisses a case or a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction." *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 22.

{¶ 7} Nevertheless, even when a trial court has unconditionally dismissed a case, the court retains jurisdiction to consider the collateral issue of criminal contempt. *State ex rel Corn v. Russo* (2001), 90 Ohio St.3d 551, 556, 740 N.E.2d 265 ("a court may consider the collateral issue of criminal contempt even after the underlying action is no longer pending"); *Cooter & Gell v. Hartmarx Corp* (1990), 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 ("A court may make an adjudication of [criminal] contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated").

{¶ 8} Moreover, unlike *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 577 N.E.2d 1100, the primary case cited by Benbow, this case does not involve any dismissal of the case before trial. Instead, the so-called dismissal was ordered by Judge Runyan after he had entered judgment in favor of the defendant based upon a jury verdict following trial. This case is thus not governed by Civ.R. 41. Cf., e.g., *Beckner v. Stover* (1969), 18 Ohio St.2d 36, 40, 47 O.O.2d 156, 247 N.E.2d 300.

{¶ 9} Therefore, Judge Runyan did not patently and unambiguously lack jurisdiction over the criminal contempt proceedings, and Benbow's prohibition claim lacks merit. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.