OPINION
{¶ 1} This action in prohibition is presently before this court for consideration of the motion to dismiss of respondent, the Lake County Court of Common Pleas. As the primary basis for its motion, respondent contends that the petition of relator, Michael Cheselka, fails to state a viable claim for the writ because his own allegations support the conclusion that he has an adequate remedy at law. For the following reasons, this court concludes that the motion to dismiss is well taken. *Page 2 
 {¶ 2} Our review of the prohibition petition indicates that relator's sole claim for relief is based upon the following factual allegations. Relator is a duly licensed attorney in the state of Ohio. In early 2006, relator was employed as counsel for a defendant in a criminal proceeding before respondent. After one continuance had been granted in the matter, the criminal case was scheduled to proceed before Judge Paul H. Mitrovich on April 6, 2006. However, one day before that date, relator moved Judge Mitrovich to continue the criminal case on the grounds that he was still involved in a separate trial that was going forward in Cuyahoga County, Ohio. In support of his motion, relator was able to convince the Cuyahoga County court to contact Judge Mitrovich's office and try to explain the situation.
 {¶ 3} Ultimately, Judge Mitrovich granted the continuance and set a new trial date for April 20, 2006. One day before that new date, the prosecution entered a nolle prosequi on the basis that its witnesses would not be available to testify. As a result, the underlying criminal case was dismissed.
 {¶ 4} Approximately two months following the dismissal, relator received a new judgment from respondent which was captioned under the case name of the old criminal case. The judgment ordered relator to appear at a scheduled hearing for the purpose of showing why he should not be held in indirect contempt of court. The judgment also stated that the basis for the contempt citation was that relator had failed to inform Judge Mitrovich of the possible trial conflict.
 {¶ 5} In bringing the instant action in prohibition, relator is seeking the issuance of a writ to enjoin respondent from conducting any further proceedings in relation to the contempt citation against him. In asserting that respondent does not have the requisite *Page 3 
jurisdiction to proceed, relator first maintains that his alleged actions in the underlying criminal case are not legally sufficient to warrant a finding on indirect criminal contempt. Second, he contends that respondent lacks the authority to find him in civil contempt because the dismissal of a case has the effect of rendering any issue of civil contempt moot.
 {¶ 6} In now moving to dismiss the entire prohibition claim, respondent does not contest relator's legal statement concerning the jurisdiction of a trial court to go forward with a civil contempt proceeding after the underlying case has been dismissed. Instead, respondent asserts that, since the contempt citation pertains to relator's alleged failure to follow court orders concerning possible trial conflicts, the contempt proceeding in the present matter is criminal in nature. Respondent further asserts that, because a trial court generally has the authority to proceed on a criminal contempt matter even after the basic case has been dismissed, relator cannot challenge the legal sufficiency of the contempt citation in the context of a prohibition action.
 {¶ 7} Upon reviewing the relevant case law, this court concludes that the legal authority in this state supports respondent's position in this matter. As an initial point, we would note that the general purpose of a prohibition action is to determine whether a lower court has subject matter jurisdiction over a particular matter. State ex rel. Corn v.Russo(2001), 90 Ohio St.3d 551, 554. In light of this basic description, the Supreme Court of Ohio has indicated that a writ of prohibition will be issued only when the relator can prove that: (1) the lower court is presently intending to exercise its judicial authority; (2) the proposed use of authority is beyond the scope of the court's jurisdiction; and (3) if the writ is denied, the relator will sustain an injury for which there is no adequate legal *Page 4 
remedy. State ex rel. Suburban Constr. Co. v. Skok(1999),85 Ohio St.3d 645, 646.
 {¶ 8} In regard to the second element, the Supreme Court has further stated that, since a court of common pleas has "general" jurisdiction over various matters, it has the ability to determine the extent of its authority in a given case; thus, if there is a genuine dispute as to whether such a court has the jurisdiction to act over a particular matter, such a dispute must be litigated in an appeal from the court's final judgment. See State ex rel. Tubbs Jones v. Suster(1998),84 Ohio St.3d 70, 74. However, the Sustercourt recognized one exception to the foregoing rule: if a common pleas court's lack of jurisdiction over a particular case is patent and unambiguous, a writ of prohibition will lie to block the court's actions even when there exits an alternative legal remedy, such as a direct appeal, through which any party could properly challenge the court's jurisdictional decision. Id. Under the latter scenario, the relator is not required to satisfy the third element for the writ in order to prevail on his claim.
 {¶ 9} In applying the foregoing principles in the context of prohibition actions in which the jurisdiction of a common pleas court to go forward on contempt matters has been contested, the Supreme Court has concluded that such a court does not have any jurisdiction to conduct a civil contempt proceeding once the underlying legal action has been dismissed. Corn, 90 Ohio St.3d at 555. On the other hand, because a criminal contempt proceeding is viewed as a separate and independent matter, the dismissal of the original case generally does not affect the court's jurisdiction to proceed. Corn, 90 Ohio St.3d at 556. In light of this, it has been held that a writ of prohibition will not lie to enjoin a post-action criminal contempt proceeding because any lack of jurisdiction on the part of the common pleas court is not patent and unambiguous. See State ex rel. *Page 5 Conkle v. Sadler, 99 Ohio St.3d 402, 2003-Ohio-4124; State ex rel. Benbowv. Runyan, 99 Ohio St.3d 410, 2003-Ohio-4127. Although not expressly stated in either Conkleor Benbow, it is readily apparent that the writs were also denied for the reason that, since the relators would have an adequate legal remedy through a direct appeal from the final contempt determination, they could not establish the third element for the writ.
 {¶ 10} As was mentioned previously, relator asserts in the instant petition that the contempt proceeding before respondent should be viewed as civil in nature because his actions in the underlying case could never be deemed contemptuous. In framing his assertion in this particular manner, relator is clearly not questioning respondent's basic authority to conduct post-action criminal contempt proceedings. Rather, he is merely arguing that, under the facts of the underlying situation, a finding of criminal contempt cannot be made as a matter of law. To this extent, his prohibition claim does not raise a question of jurisdiction, but instead poses a question of legal sufficiency.
 {¶ 11} As a general proposition, the courts of this state have stated that a finding of indirect criminal contempt can be predicated upon improper behavior by an attorney at law during the course of a legal action. For example, in State v. Mulligan, 2d Dist. No. 19359, 2003-Ohio-782, the Second Appellate District upheld a contempt sanction which was based upon the finding that the attorney had "double booked" two trials for the same date, and had not informed the trial judge in one case of the potential conflict. See, also, In re Purola(1991),73 Ohio St.3d 306.
 {¶ 12} In the instant matter, relator's petition expressly asserts that the contempt citation against him was based on the allegation that he had failed to properly inform Judge Mitrovich of a possible scheduling conflict. Under Mulligan, such an allegation *Page 6 
can form the grounds of a viable criminal contempt citation. Accordingly, even if the evidence concerning the underlying events does not ultimately support an actual finding of contempt, respondent still has the basic jurisdiction to proceed with the matter. That is, even if the evidence proves to be insufficient to show any improper behavior on the part of relator, any erroneous finding of contempt would merely be a procedural error which cannot be contested in a prohibition action. SeeState ex rel. Enyart v. O'Neill(1995), 71 Ohio St.3d 655, 656.
 {¶ 13} Even when the allegations in relator's petition are construed in a manner most favorable to him, they can only be interpreted to indicate that respondent intends to conduct an indirect criminal contempt proceeding. Pursuant to the Supreme Court's holdings inCorn, Conkle, and Benbow, a court of common pleas has the basic authority or power to hold such a proceeding even after the underlying legal action has been dismissed; therefore, at the very least, any lack of jurisdiction on the part of respondent is not patent and unambiguous. Under such circumstances, relator could be entitled to a writ of prohibition only if he could prove, under the third element of his claim, that there is no alternative legal remedy he could pursue. In discussing the second and third elements of the writ, the Supreme Court has consistently held that a direct appeal constitutes an adequate legal remedy. See Conkle, 2003-Ohio-4124, at ¶ 8. Thus, since any contempt determination is appealable when the trial court has made a finding of contempt and has imposed a sanction, see Machincs v. Sloe, 11th Dist. No. 2006-G-2739, 2007-Ohio-121, relator clearly has an adequate legal remedy through which he can raise any issue pertaining to the propriety of the criminal contempt proceedings.
 {¶ 14} Under Civ.R. 12(B)(6), a prohibition claim can be dismissed for failing to *Page 7 
state a viable cause of action when, "* * * after presuming the truth of all factual allegations of the [petition] and making all reasonable inferences in [the relator's] favor, it appear[s] beyond doubt that [the relator] could prove no set of facts entitling [him] to the requested extraordinary writ of prohibition." Conkle, 2003-Ohio-4124, at ¶ 8. In applying this standard to the allegations in the present case, this court holds that a dismissal of the action is warranted. That is, under relator's own allegations, he will never be able to establish a set of facts under which he does not have an adequate remedy at law.
 {¶ 15} Consistent with foregoing discussion, respondent's motion to dismiss is granted. It is the order of this court that relator's prohibition petition is hereby dismissed in its entirety.
WILLIAM M. O'NEILL, J., COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1